Baldwin, J.
delivered the opinion of the Court.
It appears in this case from the testator’s will, that after charging his estate, real and personal, with the payment of his debts, he devised the same to his wife for life, with remainder to his children. Upwards of thirty years before the making of his will, he had sold and conveyed, with general warrauty, a tract of land to the appellee, but his wife did not unite in the conveyance. The sale and conveyance to the appellee are in no wise mentioned or alluded to in the will. Shortly after the testator’s death, this suit was brought by the appellant to recover her dower in the land so sold and conveyed to the appellee. And the defence made by the answer is, that the widow is barred of the dower claimed/by the provision made for her in the will, which was intended by the testator to be in lieti of dower of all the lands which he at any time owned: which provision it is averred she has accepted. The will of the testator and his deed of conveyance to the appellee are the whole evidence in the cause. And the question presented by the record is, whether the widow *85 is entitled to recover the dower claimed, and also to retain the provision made for her by the will. If she is, then her acceptance or refusal of that provision is a matter wholly immaterial.
The dower provided by law in behalf of a widow, by which is secured to her one third of all the lands of her husband, of which he was at any time seized during the coverture, is paramount to all conveyances, incumbrances, contracts, debts or liabilities of the husband. But as there is no obligation upon him to make a greater provision for her than that which is conferred by the law, it is competent for him, in the exercise of his testamentary power in her behalf, to couple it with the condition that it shall be a substitute for and stand in lieu of her legal dower in the whole or any part of his estate, and thus propose to become the purchaser of the latter; and then if she accepts the devise, she takes it with the condition thereto attached, or if she rejects the condition, she thereby rejects the devise itself: and so she cannot have both the legal dower and the devise which she accepts as its substitute. And the devise in> her favour may thus be made conditional by its express j terms or by a clear and necessary implication of the j testator’s intent to that effect, to be derived from the ¡ will. But as the exercise of a testator’s testamentary bounty in behalf of his wife, beyond or irrespective of ' the provision made for her by law, is natural and fre- j, quent, it is not allowable to infer an intent on his part; to the contrary from other parts of the will, by conjee- \ ture or probability: the conclusion ought to be as sat- ; isfactory as if it were expressed.
This clear and necessary implication which puts the widow upon her election is to be derived from provisions of the will which would be defeated or disturbed by allowing her to claim in both characters of devisee and dowress: for example, if a testator devises his estate, or a part of it, to his wife and others, to be equally *86 divided amongst them, the equality required would be defeated if she were permitted to claim one third of the property so devised as her dower, and also a third °f the remaining two thirds under the will. But a mere disappointment of the expectations of others under the will does not put the widow to her election: as in the case of a devise by the testator to her of a specific part or portion of a farm, say a moiety, and of the other moiety to his children: in that case the widow may take her moiety under the will and one third of the other moiety under the law, though it may perhaps have been his design that she should have but a moiety of the whole: there being no plain and necessary implication that the children were not to take subject to her right of dower.
In the present case, the purchaser from the testator in his lifetime was in no wise an object of his testamentary care or bounty. There is no devise to him of the property he had purchased, nor any indemnity provided for him by the will against the assertion of the widow’s right of dower. That right of dower was not and could not have been even conveyed to him by the husband, and it is only by force of the warranty express or implied of the latter that he could have any claim against his estate for compensation, in the event of eviction by the paramount claim of the widow. Such a liability of the husband’s estate under his contract stands upon the same footing as his debts and contracts generally, and furnishes no implication of an intent on the part of the husband to bar his widow’s right of dower, by the provision made for her by his will. A testator is understood to speak of his real property as of the date of his will, and of his personal property as of the time of his death; and how can we know in this case that the testator had in his mind at the date of his will, real property which was no longer his, but had been sold and conveyed by him many years before *87 to another; or if it was present to his thoughts, that he recollected the failure of his wife to unite in the deed to the purchaser; or if he did, how can we safely infer an intent to deprive her of her lawful right in the subject by a testamentary provision in her favour in regard to his remaining property ?
Nor is there any incompatibility of a liability of the husband’s estate, by reason of the widow’s eviction of the purchaser, with the provisions of the will. The devise to her, it is true, is of all the testator’s real and personal estate during her life; which is liable to be diminished by a claim of the purchaser, if he should choose to assert it, upon the covenant of warranty in the deed. But there is no repugnancy in such diminution of the value of her interest in the estate under the will, nor of that of the devisees in remainder, if that were material, with the assertion of her right of dower against the purchaser; and indeed it is entirely compatible as well with the charge upon it in the will in behalf of creditors, as with that which is given them by operation of law.
It cannot be that the claim of a purchaser from the husband in his lifetime, founded merely upon the warranty of the latter, to compensation out of his estate, in case of eviction by the widow, falls within any rule of equity requiring her to elect between her right of dower under the law, and the provision made for her in the testator’s will: for in equity the rule of election is also a rule of compensation, and not one of forfeiture. It is applicable only to the case of a beneficiary under the will, the provision in whose favour is defeated by the enforcement of the claim against the will; and then invariably the defeated devisee or legatee receives compensation out of the claim under the will, so far as it may extend, or be requisite, of the claimant who defeats him ; and if there be any surplus, the latter is entitled to receive it. Now how can such compensation *88 be made to a purchaser from the husband in his lifetime ? He is not designated in the will as is the case with the defeated devisee or legatee; and can be no . , , , , more entitled to the compensation than any other purc^aser fr°m the husband. Suppose then the fund for compensation be exhausted by the claim of such a purchaser, where is another purchaser of other land from the husband to look for redress, and by what rule can he be relieved, unless it be by a rule of forfeiture ?
The Court is therefore of opinion, that the decree of the Circuit court is erroneous in dismissing the appellant’s bill, instead of sustaining and enforcing her claim of dower, and extending to her such other and consequent relief as it may appear she is entitled to ; therefore reversed with costs, bill reinstated, and cause remanded for further proceedings in conformity with the foregoing opinion and decree.