ELLEN HICKEY *vs.* BRIDGET HICKEY AND ANOTHER.

A testator gave to his widow a specific piece of land, and to his niece a legacy of $1,000 to be paid from the avails of a certain other piece, the remainder of his property to be applied to the payment of his debts.  The remainder proving insufficient, the estate charged with the legacy was sold and the avails applied to the payment of the debts   On a petition brought by the niece against the widow for a contribution, it was held that the devise to the widow was to be regarded as in lieu of dower, and that she was therefore not liable to contribut.:.

PETITION in chancery.

John Hickey, of Hartford, died, leaving real and personal estate, and a will, of which the following are the important clauses :

" I give to my wife Bridget Hickey all my interest in the place where I live, No. 14 Market street, to her and her heirs forever ; said interest being what I have paid on said place, viz : $2,000 ; she to pay what is due, viz : $1,000.

I give to Ellen Hickey, my niece, to be paid out of my property on Front street, No. 156, $1,000.

All my remaining property, I wish, after my debts are paid, to be divided equally between Catharine Cunningham and St. Patrick's church in Hartford.

I give to my said wife and Hugh McNamara all my property, real and personal, except what I have devised to my wife, (viz : the interest I have in the Market street property,) in trust to carry out the above will; the avails due to my nieces to be invested or paid over, as said Hugh McNamara may think best."

The said Hugh and Bridget accepted the trust under the will, and the property left by the testator, aside from the Market street and Front street property, being insufficient to pay his debts, they sold the Front street property, and paid the debts; thus relieving the Market street property therefrom, depriving Ellen Hickey of her legacy under the will, and giving to Bridget Hickey her legacy in full.   Ellen Hickey brought the petition, alleging the above facts and praying for a contribution from the Market street property and payment to her of an equitable proportion of the legacy

given to her and charged on the Front street property; making the said Bridget Hickey and Hugh McNamara respondents.

The respondents demurred to the bill, and the questions arising on the demurrer were reserved for the advice of this court.

*T. C. & C. E. Perkins*, for the petitioner.

1. The bequest to Ellen Hickey is a specific legacy, and not liable to abate in favor of the devise to Bridget Hickey. *Swift* v. *Edson*, 5 Conn., 535. 2 Wms. on Ex'rs, 993 et seq. *Amesbury* v. *Brown*, 1 Ves. Sen., 482. *Read* v. *Litchfield*, 3 Ves., 475. *Bridges* v. *Phillips*, 6 id., 571. *Hancox* v. *Abbey*, 11 id., 475. *Ward* v. *Ward*, 2 Brown's Cha., 316. *Wall* v. *Stewart*, 16 Penn. S. R., 284. *Walton* v. *Walton*, 7 Johns. Cha., 263.

2. If not specific, it is demonstrative, and as such does not abate with the general legacies, but with the specific. 2 Wms. on Ex'rs, 996. *Balliet's Appeal*, 14 Penn. S. R., 451. *Ludlam's Estate*, 1 Pars. Sel. Eq. Cas., 121. 1 Roper on Leg., 150. *Wall* v. *Stewart*, 16 Penn. S. R., 284.

*Hungerford* and *Barbour*, for the respondents.

1. Whether the legacy to the niece is a demonstrative or specific legacy, the devise to the wife is in no respect chargeable with any portion of it, and can not be held liable to contribute to its payment on the failure of the fund on which it was charged; the will showing a clear intention of the testator that the wife should take the Market street property, subject to no charge whatever except that of paying the unpaid balance of the purchase money. *Phipps* v. *Annesley*, 2 Atk., 57. *Spurway* v. *Glynn*, 9 Ves., 483. *Hancox* v. *Abbey*, 11 id., 179. *Gittins* v. *Steele*, 1 Swanst., 24. *Inchinquin* v. *French*, 1 Cox, 5. *Dicken* v. *Edward*, 4 Hare, 273. 1 Roper on Leg., 446.

2. The devise to the wife is to be regarded as in lieu of dower. *Blower* v. *Morrett*, 2 Ves. Sen., 420. *Heath* v. *Denby*, 1 Russ., 543. *Roadley* v. *Dixon*, 3 id., 192. *Loocock*

v. *Clarkson,* 1 Dessau., 415. *Stewart* v. *Carson,* id., 500. *Robert Earp's Will,* 1 Pars., Sel. Eq. Cas., 453. *Lord* v. *Lord,* 23 Conn., 327.

3. The real estate being devised to the wife with a direct charge of the balance of the purchase money, which she, by accepting the devise, becomes personally liable to pay, she in reality becomes a purchaser, for a valuable consideration, and being such is not liable to contribute in respect to the property.

ELLSWORTH, J.   Several questions have been raised in the argument of this case, which we have no occasion to decide; as the one whether the legacy of $1,000 to Ellen Hickey is not a general or demonstrative legacy and not specific, like the devise of the Market street property to the testator's widow; for in any event, Ellen Hickey, a legatee, can not call on the widow for contribution.   So the question whether the language of the will, taking all its provisions together, does not show that the testator meant, first of all, to make provision for his widow and throw his debts upon his other property.   Were we obliged to pass on these questions we should probably support the views of the respondent's counsel.   We feel satisfied by a fair construction of the will, that the widow takes her devise in lieu of dower, and therefore, according to the rule established in *Lord* v. *Lord,* 23 Conn., 327, she can not be called upon to contribute. She takes as a purchaser, and is to be preferred.

We advise that the bill be dismissed.

In this opinion the other judges concurred.

Bill to be dismissed.