JOHN SULLIVAN, Executor, &c. *vs.* CATHARINE MARA and MATTHEW MARA, guardian of William Mara.

A testator, by the first clause of his will, gave and bequeathed to his wife, C., one-third of all the property possessed by him at the time of his death, and he gave and bequeathed the remaining two-thirds to his son W. By the second clause of the will the executors were authorized to sell and convey, in fee simple, all, or any part of the real estate, and to rent or lease any part of it, until so disposed of. The testator then declared it to be his intention to give his executors "the general superintendence and control over his real and personal estate, to manage the same in such manner as they in their discretion shall think best for the interest of my wife and child, the net income arising therefrom to be divided between my said wife and child, in manner before stated." By the third clause, the testator declared that if his son should not attain the age of twenty-one years, then he gave and bequeathed the interest of his son to E. M. for her own use and benefit forever. By the fourth clause, the testator appointed M. M. guardian of his son, W., and directed that W. should be suitably provided for and liberally educated, and morally and religiously instructed, and that all money not necessary for that purpose be deposited in a savings bank, or invested on bond and mortgage, &c.

*Held* that the dispositions of the testator's property intended by his will could not be carried out, consistently with allowing the claim of his widow, C. for dower, in addition to the provisions made for her by the will; and that consequently she was put to her election.

CASE agreed upon and submitted under sec. 372 of the code of procedure. John Mara, the testator, late of the city and county of New York, having made his last will and

testament, died on the 28th day of March, 1858, leaving Catharine Mara, his widow, and his only child a boy, now about eleven years of age, residing with his mother. The said will contained these provisions:

"*First*. After all my lawful debts are paid and discharged, I give and bequeath to my wife, Catharine Mara, one-third of all the property possessed by me at the time of my death, and I give and bequeath to my son, William Mara, the remaining two-thirds of the property possessed by me at the time of my death.

*Secondly*. I hereby fully authorize and empower my executors hereinafter named, and the survivor of them, at any time after my decease, and whenever they shall think proper, either at public auction or private sale, to grant, bargain, sell and dispose of all or any part of my real estate, and to execute and deliver to the purchaser or purchasers thereof good and sufficient deeds of conveyance in law in fee simple for the same; and I do also fully authorize and empower my said executors and survivor of them to rent and lease all or any of my real estate from time to time, until disposed of as aforesaid, it being my intention to give my said executors the general superintendence and control over my real and personal estate, to manage the same in such manner as they in their discretion shall think best for the interest of my wife and child, the net income arising therefrom to be divided between my said wife and child in manner before stated.

*Thirdly*. If my said son should not attain the age of twenty-one years, then I give and bequeath the interest of my said son to my mother Ellen Mara, for her own use and benefit forever.

*Fourthly*. I do hereby nominate, constitute and appoint my brother, Matthew Mara, to be guardian of the person and estate of my said son, William Mara, and direct that my said son be suitably provided for and be liberally educated and morally and religiously instructed, and all the money over and above the sum necessary for said purposes to

be deposited in one or more of the savings banks in the city of New York, or invested on bond and mortgage on property worth double the sum loaned or invested. Likewise I make, constitute and appoint my brother, Matthew Mara, of the city of New York, and John Sullivan, of said city, to be the executors of this my last will and testament, hereby revoking all former wills by me made."

The will was admitted to probate, and John Sullivan, qualified as executor, and Matthew Mara qualified only as guardian of William Mara, under said will. The plaintiff claimed as follows: That the defendant, Catharine Mara, is only entitled under said will to one-third of the net income of the said estate of the said John Mara, deceased, for her life, exclusive of dower, and that the apparent intent of the will was to give her but one-third of the net income and two-thirds to the child, and to exclude dower; and that it was the clear and manifest intention of the testator to give her but one-third, (and not dower in addition to one-third,) and such intention will be fairly deduced from the scope and tenor of the will. The defendant, Matthew Mara, concurs in the claim of the defendant, Catharine Mara. The defendant, Catharine Mara, claims: That by said will she is a legatee and devisee entitled to an estate in fee to one-third of the estate of John Mara, deceased, and as his widow, she is also entitled to dower in and to the estate of her said late husband, and that the same should be allowed her by the plaintiff and the defendant Matthew Mara. The parties agreed upon the foregoing case and submitted the same to the court, to determine the following questions:

*First.* Whether the defendant, Catharine Mara, is entitled to dower in the estate of her late husband in addition to the provision for her in his will.

*Second.* Whether the provision for Catharine Mara, under said will, gives her a life estate only, or an estate in fee to one-third of the estate of her said late husband in addi-

tion to dower, or what estate or interest she acquires by the said will.

*C. K. Smith,* for the plaintiff.

*Wm. C. Traphagen,* for the defendant Catharine Mara.

*By the Court,* SUTHERLAND, J. It appears to me plain that the dispositions of the testator's property intended by his will can not be carried out consistently with allowing the claim of his widow, Catharine Mara, for dower, in addition to the provisions made for her by the will.

The first article of the will contains an absolute gift and bequest to the testator's wife, Catharine Mara, " of one-third of all the property *possessed* " by the testator at the time of his death, and an absolute gift and bequest of the other two-thirds, to the testator's son William Mara. By the second article of the will, the executors are authorized to sell and convey in fee simple, all, or any part of the testator's real estate, and to rent and lease all or any part of it, until disposed of as aforesaid; and the testator then, by this article, declares it to be his intention to give his executors " the general superintendence and control over his real and personal estate, to manage the same in such manner as they in their discretion shall think best for the interest of my wife and child, *the net income arising therefrom to be divided between my wife and child,* in manner before stated."

By the third article, the testator declares, if his son should not attain the age of twenty-one years, then he gives and bequeaths the interest of his son to the testator's mother, Ellen Mara, for her own use and benefit forever.

By the fourth article, he appoints his brother Mathew Mara guardian of his son, and directs that his son be suitably provided for and be liberally educated, and morally and religiously instructed, and that all money not necessary for that purpose be deposited in one or more of the savings

banks in the city of New York, or invested on bond and mortgage, on property worth double the sum loaned or invested.

After the making of his will, the testator died, in 1858, seised and possessed of three or four lots of land, and a small personal property, both then not exceeding in value $10,000, leaving Catharine Mara, his widow, and an only child, a boy, William Mara, now about eleven years of age.

It does not appear from the case agreed upon and submitted, that Catharine Mara, the widow, claims dower in any lands except such as the testator died seised and possessed of.

The testator evidently intended that his widow should have, under or by his will, the benefit of one-third of *all* his estate *real* and personal after the payment of his debts, absolutely and forever. He probably intended, that she should have only one-third of the income until his son became of age, or until his death, if he died sooner.

It is evident, too, that the testator intended that his son, if he lived to the age of twenty-one, should have the benefit of the remaining two-thirds of all his estate real and personal, absolutely and forever; and until he became twenty-one, or his death before twenty-one, that so much of two-thirds of the income as was necessary for such purpose should be used for his maintenance and education, and the remainder be invested for his benefit.

The testator expressly declares, if his son should not attain the age of twenty-one, that then the testator's mother should take the interest of his son, for her use and benefit forever.

Now, it is certainly plain, that in not one of these particulars can the testator's testamentary intention be carried out, if the widow is allowed dower, in addition to the provisions made for her by the will.

In the first place, if one third of the real estate is set off to her for dower, she can not take, *under the will*, the one-

third of the net income of *all* the testator's real and personal estate until the son becomes twenty-one, or his death sooner; nor one-third of *all* the estate *real* and personal, absolutely and in possession, on the son becoming twenty-one, or dying sooner.

In the next place, if one-third of the real estate is set off for her dower, the executors can not exercise the discretionary power given them, to sell or lease *all* or *any* of the real estate.

In the next place, if one-third of the real estate is set off for her dower, two-thirds of the income of the *whole* estate, in her life time, can not be used and invested for the benefit of the son, as directed by the will; nor, if he should attain the age of twenty-one, before the death of his mother, could he take absolutely and forever two-thirds of *all* the estate, or the proceeds thereof; nor, in case of his death before twenty-one, living his mother, could the testator's mother take the son's testamentary interest in the *whole* estate.

Now there is not much satisfaction in looking at cases on this question. It is difficult to gather from them any definite, practical, useful rule, but I think the following cases will sufficiently show that the widow in this case was put to her election : *Dodge* v. *Dodge,* 31 *Barb.* 413 ; *Chalmers* v. *Storil,* 2 *Ves. & Beames,* 222 ; *Parker* v. *Somerby,* 27 *Eng. Law and Eq.* 154 ; *Herbert and others* v. *Wren and others,* 7 *Cranch,* 370-378.

There should be judgment in accordance with the views above expressed.

NEW YORK GENERAL TERM, February 6, 1865. *Ingraham, Clerke* and *Sutherland,* Justices.]