In the matter of the Estate of ADAM GOTZIAN, deceased.

September 30, 1885.

**Will—Provision for Widow—Election—Common-Law Rule—Intention of Testator.**— Since the repeal of chapter 48, Gen. St. 1866, by Laws 1875, *c.* 40, the common-law rule in respect to the doctrine of election by a widow between her distributive share of the realty of a deceased testator and a provision made for her in his will, has been in force and is applicable. She is entitled to both, unless a contrary intention is manifested by the will. This intention may appear by express words, or it may be implied from the frame of the will, or particular clauses of donation.

**Same—Construction—"All my Estate."**—Where the testator has a qualified, partial, or undivided interest, and he uses general words of donation, as "all my estate," etc., he is *prima facie* deemed to intend to dispose only of what he had the power to dispose of. But this presumption may be rebutted by the character and terms of the will; and it is a question of construction in any particular case in what sense the words "estate," "property," etc., are used by the testator, and whether he does or does not intend to include the entire property or estate as enjoyed and possessed by him at his decease.

**Same—Election by Widow Required.**—Where a testator by his will provided, *first*, for the payment of debts, and, *secondly*, gave the homestead premises, and the furniture, and all other personal property connected therewith, to his wife, and directed that, after satisfying these provisions of the will, all the residue of his property, real and personal, should be distributed as follows, viz.: *First*, one equal undivided one-third part to his wife, which he ordered to be given her clear of all incumbrances; and, *second*, the remaining two-thirds to be divided among other relatives: *Held*, that such residue of the realty as well as of the personalty is by the will required to be first applied to the satisfaction of debts be-

fore any of the personalty named in the second bequest can be so applied, in order to secure to the widow the benefit of such bequest as intended by the testator; and that the claim by the widow of her distributive share of the residue of the real estate, which would be subject to its just proportion of the debts, is inconsistent with the scheme of the will, and that it is manifest from the will that the testator contemplated the disposition thereby of the entire estate as enjoyed by him, and therefore the widow was required to elect between such distributive share and the provisions made for her in the will.

The will of Adam Gotzian, late of the county of Ramsey, deceased, was duly proved and his estate administered in the probate court of that county, and application was made for a final decree of assignment and distribution. At the hearing of the application, the testator's widow claimed to be entitled to the provision made for her by the will, and also to her statutory share (one-third) of the testator's real estate. The probate court held that she could take no more than the will gave her, and entered a decree accordingly. The widow appealed to the district court, where the appeal was heard by *Wilkin* and *Simons*, JJ., and the decree of the probate court was reversed, and the cause remanded to the probate court with directions to enter a decree assigning to the widow an undivided one-third of the realty under the statute, and also the property devised and bequeathed to her by the will. From this judgment the heirs and the other devisees appeal. The material clauses of the will are as follows:

"*First.* I order and direct all my lawful debts to be fully paid and discharged.

"*Second.* After the payment of my debts as aforesaid, I give, devise and bequeath unto my beloved wife, Josephine Gotzian, our homestead and the grounds or lot of land on which the same is situated, in Lyman Dayton's addition to St. Paul, Ramsey county, Minnesota, including all furniture, goods, chattels and personal property contained in and about our said homestead, including also horses and harnesses and carriages, sleighs, and everything in and about the stable and premises belonging to me. To have and to hold all of said real and personal estate and property unto the said Josephine Gotzian, her heirs and assigns, forever.

"*Third*. After paying off and providing for the bequests hereinbefore 'first' and 'second' mentioned, I give, bequeath, devise and dispose of the balance of estate and property, of what name and nature soever, in the following manner:

"I give, devise and bequeath an undivided one-third of all the balance, rest, residue and remainder of all my estate and property unto my said wife Josephine Gotzian, which third I hereby order to be given to her free and clear of all claims, liens or incumbrances whatsoever; to have and to hold said one-third, free and clear of all claims, liens or incumbrances, to the said Josephine Gotzian, her heirs and assigns forever."

The testator then proceeds to dispose of "the remaining two-thirds of my estate and property" to his two nieces, his sister, and his two brothers.

*Greenleaf Clark* and *Harvey Officer*, for appellants.

*C. D. O'Brien* and *H. C. Eller*, for respondent, cited *Tooke* v. *Hardeman*, 7 Ga. 20; *Rancliffe* v. *Parkyns*, 6 Dow. 149; *Lawrence* v. *Lawrence*, 2 Vern. 365; S. C. 3 Brown, P. Cas. 483; *Brown* v. *Parry*, 2 Dickens, 685; *Strahan* v. *Sutton*, 3 Vesey, Jr. 249; *Arnold* v. *Kempstead*, 2 Eden, 236; *Jones* v. *Collier*, Ambler, 730; *Villareal* v. *Lord Galway*, Ambler, 682; *Wake* v. *Wake*, 3 Brown, Ch. 255; *Pearson* v. *Pearson*, 1 Brown, Ch. 292; *Dowson* v. *Bell*, 1 Keene, 761; *Holdich* v. *Holdich*, 2 Younge & Col. 19; *Foster* v. *Cook*, 3 Brown, Ch. 347; *French* v. *Davies*, 2 Ves. Jr. 572; *Greatorex* v. *Cary*, 6 Vesey, Jr. 615; *Ellis* v. *Lewis*, 3 Hare, 310; *Gibson* v. *Gibson*, 1 Drewry, 42; *Bending* v. *Bending*, 3 Kay & Johns. 257; *Goodfellow* v. *Goodfellow*, 18 Beav. 356; *Birmingham* v. *Kirwan*, 2 Sch. & Lef. (Ir. Ch.) 444; *Dummer* v. *Pitcher*, 2 Mylne & Keen, 262; s. c. 5 Simons, 35; *Stephens* v. *Stephens*, 3 Drewry, 697; *Adsit* v. *Adsit*, 2 John. Ch. 448; *Smith* v. *Kniskern*, 4 John. Ch. 9; *Harrington* v. *Hughes*, 1 Paige, 569; *Wood* v. *Wood*, 5 Paige, 596; *Fuller* v. *Yates*, 8 Paige, 325; *Bull* v. *Church*, 5 Hill, 206; *Church* v. *Bull*, 2 Denio, 430; *Irving* v. *De Kay*, 9 Paige, 521; *Sanford* v. *Jackson*, 10 Paige, 266; *Lasher* v. *Lasher*, 13 Barb. 106; *Mills* v. *Mills*, 28 Barb. 454; *Bond* v. *McNiff*, 38 N. Y. Super. Ct. 83; *Jackson* v. *Churchill*, 7 Cow. 287;

v.34m—11

*Havens* v. *Havens,* 1 Sandf. Ch. 324; *Lewis* v. *Smith,* 9 N. Y. 502; *Havens* v. *Sackett,* 15 N. Y. 365; *Matter of Fraser,* 92 N. Y. 239; *Kinsey* v. *Woodward,* 3 Harrington, (Del.) 459; *Ostrander* v. *Spickard,* 8 Blackf. 227; *Kelly* v. *Stinson,* Id. 387; *Corriell* v. *Ham,* 2 Iowa, 552; *Clark* v. *Griffith,* 4 Iowa, 405; *Sully* v. *Nebergall,* 30 Iowa, 339; *Metteer* v. *Wiley,* 34 Iowa, 214; *McGuire* v. *Brown,* 41 Iowa, 650; *Watrous* v. *Winn,* 37 Iowa, 72; *Potter* v. *Worley,* 57 Iowa, 66; *Carroll* v. *Carroll,* 20 Tex. 731; *Wilson* v. *Arny,* 1 Dev. & B. Eq. 376; *Gordon* v. *Stevens,* 2 Hill, Ch. (S. C.) 46; *Brown* v. *Caldwell,* 1 Speers, Eq. 322; *Pickett* v. *Peay,* 3 Brevard, 545; *Cunningham* v. *Shannon,* 4 Rich. Eq. 135; *Whilden* v. *Whilden,* Riley, (S. C.) 205; *Freeland* v. *Mandeville,* 28 N. J. Eq. 559; *Higginbotham* v. *Cornwell,* 8 Grat. 83; *Dixon* v. *McCue,* 14 Grat. 540; *Douglas* v. *Feay,* 1 West Va. 26; *Kennedy* v. *Nedrow,* 1 Dallas, 415; *Evans* v. *Webb,* 1 Yeates, 424; *Sample* v. *Sample,* 2 Yeates, 433; *Duncan* v. *Duncan,* Id. 302; *McCullough* v. *Allen,* 3 Yeates, 10; *Webb* v. *Evans,* 1 Binney, 565; *City of Philadelphia* v. *Davis,* 1 Whart. 490; *Stokes's Estate,* 61 Pa. St. 136; *Miller* v. *Springer,* 70 Pa. St. 269; *Alling* v. *Chatfield,* 42 Conn. 276; *Morrison* v. *Bowman,* 29 Cal. 337; *Fitch* v. *Miller,* 20 Cal. 352; *King* v. *Lagrange,* 50 Cal. 328; *Estate of Frey,* 52 Cal. 658; *Beard* v. *Knox,* 5 Cal. 252; *Estate of Silvey,* 42 Cal. 210; *Baker* v. *Baker,* 25 U. C. Q. B. 448; *Timberlake* v. *Parish,* 5 Dana, 345; *Hall* v. *Hall,* 1 Bland, 130; *Jones* v. *Jones,* 8 Gill, 197; *Washburn* v. *Van Steenwyk,* 32 Minn. 336; 1 Lead. Cas. in Eq. (4th Am. Ed.) 513, *et seq.;* 2 Story's Eq. Jur. § 1087, *et seq.;* 1 Jarman on Wills, 458; 1 Pomeroy, Eq. § 472, *et seq.*

VANDERBURGH, J. By the statute in relation to the descent of real property, one equal undivided third of the lands (exclusive of the homestead) of which the testator, Adam Gotzian, was at any time during coverture seized, and to the disposition of which his surviving wife had not duly assented, but subject to its just proportion with the other real estate to the payment of such debts of the deceased as were not paid by his personal estate, descended to and became vested in the respondent, his widow, upon his decease, subject to be defeated by her election to accept the provisions of his will in her favor if intended to be in lieu thereof.

As there is no dispute in respect to the personal property or the homestead, the controversy here relates wholly to the disposition of the residue of the real estate. The testator *first* provides for the payment of his debts; *second*, he devises to his wife "our homestead," meaning the dwelling-house occupied by him and his wife, together with "the grounds or lot on which the same is situated," intending an absolute estate in fee, and also bequeaths to her all furniture, goods, and personal property connected therewith, including horses, carriages, etc., "and everything in and about the premises belonging to me;" *third*, after satisfying these provisions of the will, he also gives her "an undivided one-third of all the rest, residue, and remainder of all my estate and property," which third is ordered to be given her "free and clear of all claims, liens, or incumbrances whatsoever." The remaining "two-thirds of my estate and property" is divided into three equal parts, and is so disposed of to other relations.

The widow claims under the will, and, in addition thereto, one-third of the realty under the statute. The appellants insist that these claims are inconsistent, and that a proper case for an election is presented. Their contention is that it clearly appears by the will that the testator intended to include in it what would descend to her, which we may for convenience denominate her "dower," and has made other and more liberal provisions for her in lieu thereof, so that if she takes what is given her by the will, she must necessarily relinquish dower in the lands in question.

Until the act of 1875, abolishing dower and providing estates of inheritance in lieu thereof, (Laws 1875, c. 40,) the statute required a surviving wife to elect between a devise of lands, or other provisions made for her by the will of her husband, and her dower in his lands, and she was not entitled to both unless it plainly appeared by the will to have been so intended. Rev. St. 1851, c. 49, § 18; Gen. St. 1866, c. 48, § 18. It is not questioned that the common law is exactly the reverse; that is, the widow is entitled to both, unless it plainly appears from the will not to have been so intended. She cannot be put to an election between her paramount right of dower and a devise or bequest of something else, unless the intention to exclude the for-

mer is disclosed either by express words, or her right of dower be inconsistent with or repugnant to the provisions of the will, so as to disturb or disappoint them.    4 Kent, *58; 2 Story, Eq. § 1088; *Reynolds* v. *Torin*, 1 Russ. 129.    The repeal of chapter 48, Gen. St. 1866, by Laws 1875, *c*. 40, carried with it the statute rule, and left the common-law rule in force.    As respects cases arising since the act of 1875, the rule must be applied substantially as if the repealed provision had never existed.    Being remitted to the common-law rule, the court is not warranted in departing from it.

The question in each case is whether it can be gathered from the will that it was the testator's intention that the provisions therein made for her should be in satisfaction of her dower, or a bounty in addition thereto.    It is a question of intent, and such intent must be shown by the will, and may be manifested by the clauses of donation, or may appear from the entire frame of the will.    And unless the contrary appear from the will, the presumption is that a legacy is intended as a bounty, and not as a purchase or satisfaction of the dower interest of the wife.    These general principles are not disputed.

So, also, where the terms of the donation are general, and the testator has not the absolute and exclusive ownership, but his interest is qualified, partial, or undivided in the property, and he uses general words of disposition, as "all my estate," "all my lands," etc., *prima facie* the rule is that he must be taken to intend to dispose only of what he had the power to dispose of; and in order to raise a case of election it must be apparent that he intended to dispose of what he had not the power or right to dispose of.    In such cases the testator's interest in the property is deemed presumptively sufficient to satisfy the terms of the devise; otherwise, however, where particular property is specifically devised.    *Miller* v. *Thurgood*, 33 Beav. 496; *Thomson* v. *Bowman*, 29 Cal. 337, 349; *Pratt* v. *Douglas*, 38 N. J. Eq. 516, 537; 2 Story, Eq. § 1087; 1 Pom. Eq. Jur. § 489; 1 Lead. Cas. Eq. *346.    It must be added, however, as will be readily suggested, that notwithstanding the general words in a devise, it may otherwise appear from the provisions of the will and the scheme of testamentary disposition that the testator intended to dispose of the entire estate or property, including interests not his own, so as to

put the widow or heir to an election. *Honywood* v. *Forster*, 30 Beav. 14; 1 Lead. Cas. Eq. *348.

It is manifest that the general rule referred to may be extended too far, and some of the English cases, which have been followed in several of the states, have adopted a construction so technical and restricted as to defeat the obvious purpose of the testator. The presumption that, by the use of general words of donation, he intends strictly to dispose only of what is capable of being disposed of, may be rebutted by the character and terms of the will, and it is therefore a fair question of construction in what sense the words "estate" or "lands" or "property" are used by the testator, whether it is limited to the partial or undivided interest which, in contemplation of law, will be subject to be disposed of under the will after his decease, or is intended to include the entire property owned, possessed, and enjoyed by him in his life-time. *McGregor* v. *McGregor*, 20 Grant, U. C. 450. Upon a careful consideration of this case, we think the indications are sufficiently manifest from the will that the testator had in mind the disposition of the entire estate as possessed by him at his death, and that he did not mean that the ample and carefully secured provisions given his wife by the will, and exceeding the value of her dower, should be in addition thereto. *Lord* v. *Lord*, 23 Conn. 327; *Hickey* v. *Hickey*, 26 Conn. 261.

The existing statutes in this state make very liberal allowances to the wife out of the estate of her husband. In addition to the share in the realty which is not subject to testamentary disposition by him, she is also entitled to certain chattels and special allowances out of the personalty, and to one-third of the residue of his personal estate in cases of intestacy.

Where a testator, as is not unfrequently done, bequeaths to his wife such portion of his estate as she would be entitled to under the statutes of distribution or descent, she takes, as legatee or devisee under the will, such share of his property as she would receive if he had died intestate, and she is not entitled to dower in addition thereto, but is put to an election. *Warren* v. *Morris*, 4 Del. Ch. 289, 300, 301; *Kelly* v. *Reynolds*, 39 Mich. 464; *Adamson* v. *Ayres*, 5 N. J. Eq. 349.

The testator has not, in this instance, formally or by express words declared that the respondent is to receive the same share of his estate which the law has allowed in cases of intestacy; but it is evident that he has adopted such statutory provisions as the basis of the distribution of his property in respect to the share of his property which he intended she should receive. These provisions were amplified by giving her the homestead premises absolutely, and, in place of the statutory allowance to the widow of furniture and other chattels, (Gen. St. 1878, c. 51, § 1,) he gives her all the furniture, etc., and everything about the premises belonging to him; and "one-third" of the residue of his estate clear of incumbrances, including both real and personal property. And in granting her the homestead dwelling, and all the real and personal property connected therewith, we think he intended that it should continue to be possessed and enjoyed by her as it was possessed and enjoyed by him; the whole estate being treated as an entirety by him, and not merely as including that portion thereof which he had the power to dispose of. And we think the same purpose runs through the entire will, so that, as before remarked, the indications are sufficiently manifest from the will that the testator had in mind the disposition of the entire *corpus* of the estate of which he should be possessed at his death.

In respect to her third of the residue, he gives her "an undivided one-third of *all* the balance, rest, residue, and remainder *of all my estate and property.*" This includes both real and personal property, which are blended together in the will, and the whole, if necessary, subjected to the payment of debts. It will be observed, also, from the terms of the will, that the residue referred to is what remains after the debts are paid and the second bequest satisfied; that is to say, the real as well as the personal property, other than mentioned in the second bequest, must be first applied in satisfaction of the debts in order to secure to the widow the full benefit of the second bequest in accordance with the purpose of the testator. But if she is to take as heir, her third of the residue of the realty must, unlike the former estate in dower, bear its just proportion of such debts as are not paid from the personal estate, and here there is or may be a large proportion of the personal property included in the second bequest subject

to the payment of debts in the order of distribution provided by law before the realty is liable therefor. The fee of the homestead is also liable to its just proportion thereof. But it is clear that, in case of a deficiency of assets, a different and entirely inconsistent plan and order of distribution is contemplated by the will. The deficiency is not to be ascertained by first applying the personalty, but personalty is preferred to realty, and the realty, with which the widow's third is to share its ratable proportion of the debts, (if it contributes at all,) must be first applied, and with no rule, or a different one from that provided by the statute for ascertaining the proper proportion of its liability. The same line of argument is applicable measurably to the provision of the will in the third bequest, requiring that the widow's third of the estate, real and personal, should be given her free and clear of incumbrances; but it is unnecessary to pursue it further. She could not be entitled to the full enjoyment of her rights as heir without disturbing the provisions of the will, some of which are clearly inconsistent with such rights. She cannot, therefore, take both. *In the Matter, etc., of Zahrt,* 94 N. Y. 605; *Dodge* v. *Dodge,* 31 Barb. 413; *Savage* v. *Burnham,* 17 N. Y. 561, 577; *Sullivan* v. *Mara,* 43 Barb. 523.

It is well settled that a legacy given in lieu of dower does not abate with other legacies in case the fund is insufficient to pay all. The widow takes the estate which she elects to receive in lieu of dower as purchaser, for which she pays a consideration by surrendering her claim. *Lord* v. *Lord,* 23 Conn. 327, 338; *Williamson* v. *Williamson,* 6 Paige, 298, 305; *Warren* v. *Morris,* 4 Del. Ch. 289, 302, and cases cited. It is a circumstance of much significance, therefore, in this case that the testator has been at special pains to provide that the provision for his wife shall be clear of all incumbrances. The fact is also worthy of attention that the residue of the real and personal estate is united under the designation of "estate and property," and is disposed of together, and one-third of the whole given to her; and it is argued with much force that the principle of the will is equality in respect to the proportionate division of the property, real and personal, intended to be given her, and that it could not have been intended by the testator that the widow should have a dispropor-

tionate part of the realty left by him, partly incumbered, and partly expressly ordered to be given her free from incumbrances. *Reynolds* v. *Torin*, 1 Russ. 129. These are indications drawn from the will, which, though not conclusive in themselves, are additional evidence tending to strengthen the conclusion drawn from other clauses of the will, and its general import, that the testator intended to include and dispose of the whole estate possessed by him at his death, and that the provisions therein made for the widow were to be in lieu of her distributive share as heir. *Dodge* v. *Dodge, supra.*

The judgment of the district court is reversed, and that of the probate court is ordered to be affirmed.