CAROLINE E. SHERMAN vs. ROBERT P. LEWIS and another, Executors.

July 17, 1890.

**Election under Will, when Compelled.**—In order to raise a case for an election by a beneficiary under a will on the ground that the testator assumes thereby to dispose of property which he had previously given to the same beneficiary by another instrument, it must very clearly and satisfactorily appear that the testator has intentionally assumed to dispose of the property of the beneficiary, who is required on that account to give up his own gift; and this intention must appear from the words of the will itself, and cannot be proved by evidence *dehors* the instrument.

By marriage settlement the plaintiff's deceased husband, Charles H. Sherman, conveyed the north two-thirds of lots 7 and 8, block 9, St. Paul proper, in trust for the benefit of plaintiff, providing that in case of dissolution of the marriage by his death the whole net income of the property should be paid to plaintiff during her natural life, with remainder to the heirs and devisees of Charles H., as he might thereafter by any instrument provide. By his will, subsequently made, after certain bequests, he devised and bequeathed "the rest, residue and remainder" of his property, "real, personal, and mixed, and wherever situated," to his wife and such child or children as should survive him, in the proportion of two-thirds to the wife and one-third to such child or children. The testator left one child, the defendant Charles K. Sherman. The plaintiff claiming that she was entitled for life to receive the entire income of the property in lots 7 and 8, under the marriage settlement, and also to the estate devised to her, and this being questioned by the executors, this action was brought in the district court for Ramsey county to obtain a construction of the will, and other relief. The defendants appeal from a judgment in plaintiff's favor, entered pursuant to order of *Brill, J.*

*W. K. Gaston,* for appellants.

*Henry C. James,* for respondent.

MITCHELL, J. All that is necessary for the decision of this appeal is to compare the provisions of the marriage settlement by the testator upon the respondent with the operative provisions of his subsequent will, in order to ascertain whether it clearly appears from the will that the testator thereby assumed to dispose of what he had previously given the respondent by the settlement. If it does so appear, then, under a familiar rule, respondent is put to her election, and must give up her gift under the settlement in order to take under the will; otherwise, she may retain her rights under the settlement, and also take under the will. The marriage settlement gave her, subject to certain conditions, the usufruct of certain real estate during her natural life. The operative part of the will made certain specific bequests, and then bequeathed and devised "all the rest, residue, and remainder of the property, real, personal, and mixed, and wherever situated, which shall remain to me at my death."

The rule is that a general bequest and devise of the testator's property will be construed as intended to extend only to such property as he could dispose of by will. Also, that, even where specific property is disposed of by will, in which the testator had only a partial interest, the courts will, if possible under any reasonable rule of construction, construe the language of the will as intended to apply only to the interest which the testator was able to dispose of; the presumption being that he did not intend it to apply to that over which he had no disposing power. Also that, in order to raise a case for an election, the intention as manifested by the will itself must be clear and decisive. It must be clear, beyond reasonable doubt, that the testator has intentionally assumed to dispose of the property of the beneficiary, who is required on that account to give up his own gift. 1 Jarm. Wills, (5th Ed.) 452–454; 2 Redf. Wills, 745, 746; *Havens* v. *Sackett*, 15 N. Y. 365; *Washburn* v. *Van Steenwyk*, 32 Minn. 336, 352, (20 N. W. Rep. 324;) *In re Gotzian*, 34 Minn. 159, 164, (24 N. W. Rep. 920.) And while parol evidence is admissible, to the same extent as in other cases, in aid of the construction of written instruments,—that is, to show the condition of the subject-matter, and the surrounding circumstances, so far as to place the

court in the position of the testator,—yet the intent of the testator to dispose of that which was not his must appear from the words of the will itself, and cannot be proved by evidence *dehors* the instrument. 1 Jarm. Wills, 451, 452.

Applying these rules to the present case, the general words of description of testator's property, "which should remain to him at his death," certainly cannot be construed as showing any intention on his part to dispose of the interest of the respondent in the real estate referred to under the previous marriage settlement. The appellants contend, however, that because in the first part of the will, (which by its terms never became operative, for the reason that the testator left a wife and child surviving him,) he devised this real estate without any expressed limitation or qualification as to the extent of the interest intended to be disposed of, this must be construed as showing an intention to dispose of the whole property, including respondent's interest, and that the second and operative part of the will is to be construed as intending to dispose of the same property as was intended to be disposed of in the first. Under the rules already laid down, it will at least admit of doubt whether appellants' construction of the first part of the will is correct; but, even conceding that it is, their conclusion sought to be drawn from that fact, as to what was intended to be disposed of by the second part, is clearly a *non sequitur.* But there is one thing that deprives this contention of appellants of all force. By an examination and comparison of all the provisions and conditions of both the will and the marriage settlement, it will be seen that the marriage settlement, and the devise of this real estate contained in the first part of the will, could never both be operative and in force at the same time; for the settlement was only to take effect in case the respondent within three months became the wife of the grantor, and the devise in the will was to be void and of no effect in case the testator left a wife surviving him. Our conclusion is that respondent is not put to an election, but may retain her property under the settlement, and also take under the will.

Judgment affirmed.