## SPALDING, APPELLANT, *v.* HERSHFIELD, RESPONDENT.

[Submitted January 25, 1895.   Decided February 4, 1895.]

WILL—*Devise in lieu of dower.*—Under section 6, page 64, Sessions Acts of 1876, providing that every devise of lands, or any estate therein, by will, shall be a bar to the widow's claim of dower, unless otherwise expressed in the will, the widow, by accepting the provisions made for her by the will of her deceased husband, is estopped and barred from claiming dower in real estate of which he was seised of an estate of inheritance during coverture, and which he conveyed without her joining him in the conveyance thereof.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION for dower.   Judgment was rendered for the defendant by BUCK, J.   Affirmed.

Statement of the case by the justice delivering the opinion:

This is an action for dower.   Plaintiff in her complaint states that she was, prior to the tenth day of May, 1884, the lawful wife of one D. W. Curtis; that on said day said Curtis died; that said Curtis, during his lifetime, and during the time plaintiff was his wife, was seised of an estate of inheritance, namely, an estate in fee simple of certain real estate described in her complaint; that during his lifetime, and while plaintiff was his wife, said Curtis conveyed by deed said real estate in fee simple to one Michael Carr; that the plaintiff never joined in the execution of said conveyance, nor ever in any manner conveyed or relinquished any right in said property; that plaintiff, ever since the death of said Curtis, has been entitled to dower in said real estate, and that the same has never been assigned to her; that on the second day of June, 1890, said Michael Carr, by deed, conveyed a portion of said real estate—which portion is described in the complaint—in fee simple to the defendant, as trustee for unknown persons; that said defendant has ever since been, and now is, seised and possessed of said portion of said real estate.

The answer of defendant does not deny that plaintiff and said Curtis were husband and wife, or that said Curtis was seised of the real estate described, or that he conveyed it, as

alleged, in his lifetime, and while plaintiff was his wife, or that plaintiff never joined in the execution of the conveyance thereof. But defendant does deny that plaintiff has, or is entitled to, dower in any of the real estate described in the complaint, for the reason, as alleged in the answer, that said Curtis died testate, and by the terms and provisions of his last will the plaintiff "is mentioned as a devisee in said will, and by the terms thereof is made residuary legatee of all the real estate and personal property owned by the deceased at the time of his death," except certain special bequests amounting to three thousand three hundred dollars; that the estate of said Curtis was reasonably worth, at the time of his death, thirty thousand dollars; that said plaintiff did not, within one year after the probate of said will, or at all, renounce such devise or bequest, and elect to take her dower rights in said estate in lieu thereof, but received and accepted the bequests devised to her by the terms of said will.

The plaintiff moved the court to strike out the matters set up in the answer as to the will of said Curtis, and the acceptance of the provisions thereof by plaintiff. This motion was denied, and thereafter judgment was rendered by the court, on the pleadings, in favor of the defendant. From this judgment plaintiff appeals.

*Toole & Wallace,* for Appellant.

The complaint in this case discloses that the lands in question had been conveyed by the husband of the plaintiff long before his death to third persons, and as to these classes of lands the "election statutes," so called (Laws of 1876, §§ 6, 7, p. 64), have no application whatever. (*Borland* v. *Nichols,* 12 Pa. St. 38; 51 Am. Dec. 576; *Linaweaver* v. *Stower,* 1 Watts & S. 160; *Melizet's Appeal,* 5 Pa. St. 453; *Gray* v. *McCune,* 23 Pa. St. 447; *Braxton* v. *Freeman,* 6 Rich. 35; 57 Am. Dec. 775; *Westbrook* v. *Vanderburgh,* 36 Mich. 30; Beach on Wills, § 160, note 9; *Russell* v. *Minton,* 42 N. J. Eq. 123. Common-law doctrine of election, see *French* v. *Davies,* 2 Ves. Jr. 572.)

*Ella L. Knowles,* for Respondent.

The supreme court of the state has decided that the Dower

Act of 1876 was not repealed by the repealing clause in the Revised Statutes of 1879, and said act was in full force at the time of the death of the plaintiff's former husband in 1884, and governs the settlement of his estate. (*Chadwick* v. *Tatem*, 9 Mont. 368.) The widow cannot take under a will and also take her dower, unless it is clearly apparent that the testator intended the devise to be in addition to her dower or legal share. She must elect which she will take, and, if she does no act evidencing a renunciation within the statutory time, such conduct will be deemed an acceptance under the will. (*Hurley* v. *McIver*, 119 Ind. 55; *Estate of Smith*, 60 Mich. 141; *Appeal of Kline*, 117 Pa. St. 148; *Callahan* v. *Robinson*, 30 S. C. 254; *Young* v. *Boardman*, 97 Mo. 181; *Stewart* v. *Stewart*, 31 N. J. Eq. 398.) If she accepts the devise she is thereby barred from claiming dower and the benefits of the statute. (*Reed* v. *Dickerman*, 12 Pick. 145; *Huston* v. *Cone*, 24 Ohio St. 11; *Delay* v. *Vinal*, 1 Met. 57; *Lessley* v. *Lessley*, 44 Ill. 529; *Collins* v. *Woods*, 63 Ill. 285; *Fosher* v. *Guilliams*, 120 Ind. 173; *Stunz* v. *Stunz*, 131 Ill. 210; *Collins* v. *Collins*, 126 Ind. 559.) The taking of any estate in lands under her husband's will, will bar the wife's right to dower in all the lands of which her husband was seised during coverture, whether they were aliened by the husband alone or not. She cannot take dower in lands aliened by her husband in his lifetime any more than she can in lands of which he dies seised. Her dower in such case is barred. (*Haynie* v. *Dickins*, 68 Ill. 267; *Allen* v. *Pray*, 12 Me. 138; *Buffinton* v. *Fall River Nat. Bank*, 113 Mass. 246; *Fairchild* v. *Marshall*, 42 Minn. 17; *Corry* v. *Lamb*, 45 Ohio St. 203; *Hornsey* v. *Casey*, 21 Mo. 545; *Bates* v. *McDowell*, 58 Miss. 815; *Steele* v. *Fisher*, 1 Edw. Ch. 435.) Under a statute giving to an alien wife dower in the lands of which her husband dies seised, the wife cannot take dower in lands conveyed by her husband without her joining in the conveyance during coverture, while she was a nonresident of the state. (*Atkins* v. *Atkins*, 18 Neb. 475; *Ligare* v. *Semple*, 32 Mich. 438.) When the widow renounces her rights and benefits under the will, electing to take under the law, all she renounces goes into the general estate in the hands of the executors, to be disposed of according to the terms of the will. (*Deveeman* v.

*Shaw,* 70 Md. 227. See a review of the cases relied on by counsel for appellant in *Fairchild* v. *Marshall, supra.*)

PEMBERTON, C. J.—The only question for determination by this court is this: Is the plaintiff, by accepting the provisions made for her by the will of her deceased husband, estopped and barred from claiming dower in real estate of which he was seised of an estate of inheritance during coverture, and which he conveyed without her joining him in the conveyance thereof?

In *Fairchild* v. *Marshall, supra,* a well-considered case, and in which the authorities are collated, Mr. Justice Collins, delivering the opinion of the court, says: "The first question raised by the appellant herein is, Does the acceptance by the widow of the provision made for her in her husband's will bar her of such legal rights as are fixed by the General Statutes of 1878, chapter 46, section 3, in real estate sold and conveyed during coverture by the husband alone? Whether a person is required to elect between a provision in his favor in a will and a right independent of it depends wholly on the intention, expressed or implied, of the testator. If it be expressed in terms, or clearly appears from the entire will, that the testator intended a provision made by it in favor of a devisee or legatee to be in lieu of any other right or claim affecting the estate, the latter must elect which he will take; and if he accepts what the will provides he is precluded from asserting such other right or claim. Otherwise he might accept the will so far as it benefited, and defeat it as to other provisions. This court decided in *Washburn* v. *Van Steenwyk,* 32 Minn. 336, as before stated, that a will such as that under consideration made a case for election on the part of the widow between the provision made by it in her favor and that which the law makes to a widow out of the estate of her deceased husband. That is to be taken as the settled law of this state. The only question, save as hereinafter stated, left for this case by that decision is as to the extent to which she should be required to elect. Is she compelled to elect only as to rights given by law in the estate of which the husband died actually seised or estates which he assumed to dispose of by the will, or must she go farther and elect as to similar statutory rights in real property conveyed

by him in his lifetime, but the title to which his general estate must make good if the title prove defective? The question points out the answer. The reason why it was held to be contrary to the intention of the testator that the widow should have both the testamentary and the statutory or legal provisions in her favor was that the assertion of the latter by her would be hostile to and tend to defeat the general purpose of the will. This reason applies with as much force to rights to which the law entitles her in real estate which the husband had conveyed during coverture, with covenants, and which the general estate left by him was bound by, as it does to such rights in estates of which he died seised. The assertion by the widow of the legal right, in the one case, would diminish the estate to be distributed under the will, and so tend to defeat its provisions precisely as it would in the other. The assertion of the right would be adverse to the estate left by the testator for distribution under the will and according to its terms. We therefore conclude that the acceptance by the widow of C. C. Washburn, deceased, of the provisions made for her in his will, was and is a bar to any legal claim in land alienated by him during coveture and by warranty deed. This view of the law commends itself to us, and seems to be supported by an unbroken line of authorities upon this precise question. (*Steele* v. *Fisher, supra; Allen* v. *Pray, supra; Horsney* v. *Casey, supra; Buffinton* v. *Fall River Nat. Bank, supra; Raines* v. *Corbin,* 24 Ga. 185; *Haynie* v. *Dickens, supra.*) Two cases cited by appellant to the contrary (*Borland* v. *Nichols, supra,* and *Westbrook* v. *Vanderburgh, supra*) simply construe statutes, and have no bearing upon the issue here. In another case to which the appellant has called attention (*Higginbotham* v. *Cornwell,* 8 Gratt. 83; 56 Am. Dec. 130) a recovery was permitted evidently because the devise was unconditional, and its acceptance did not require or involve an election by the widow. Neither by implication nor by the express terms of the will could that which she had accepted be declared a substitute for dower. Another case upon which the appellant relied (*Braxton* v. *Freeman, supra*) is to the same effect, and the court concludes its opinion with the proposition that, as a right to dower may be extinguished by the acceptance of something

which may be given for the purpose of satisfying it, such purpose in a will must appear by express terms or by necessary implication. It is evident from these decisions that the common-law rule in respect to the doctrine of election by a widow which prevailed in Virginia and South Carolina when these opinions were written was given a very narrow and restricted construction. The same rule of law in this state is less rigorously and technically applied. (*In re Gotzian,* 34 Minn. 159; 24 N. W. Rep. 920.)"

In *Corry* v. *Lamb, supra,* involving the same question, and under a statute very similar to ours, the court, after considering many leading cases, arrives at the same conclusion as the Minnesota court.

It is contended by appellant that the lands in controversy, having been alienated by Curtis during his lifetime, constituted no part of his estate, and that plaintiff is not barred from claiming dower therein by electing to take under the will. This contention was made in *Corry* v. *Lamb, supra,* and the court answered it by quoting with approval what was said by the Massachusetts court in *Buffinton* v. *Fall River Nat. Bank, supra,* as follows:

"The demandant contends that this land, having been aliened in the lifetime of the testator, is no part of 'his lands,' and therefore not within the provisions of the statute above quoted. But the claim of dower out of the lands aliened, without release by the wife, stands upon the same right as that of dower in lands remaining as part of the estate devised. It may be equally prejudicial to the estate, tending to the exhaustion of the general assets by giving rise to claims upon covenants in the deeds of conveyance, or upon *scire facias* to revive in part the judgment for satisfaction of which the alienation took place. (Gen. Stats., c. 103, §§ 22, 23.) The same reason exists for applying the bar in one case as in the other. There is nothing in the phraseology of the statute to limit its application to lands held at the decease of the testator. The expressions, 'endowed of his lands,' and 'dower in the lands of her husband' (Rev. Stats., c. 60, §§ 1, 11; Gen. Stats., c. 90, § 1), when used affirmatively, embrace, without question, dower in all lands of which the husband is seised at any time during

coverture. It can have no more limited meaning when used negatively in defining the bar in the General Statutes, chapter 92, section 24."

The statute of Massachusetts is very similar to the Ohio statute and our own.

Our statute (Sess. Acts 1876, § 6, p. 64) is as follows: "Every devise of land, or any estate therein, by will, shall bar her dower in lands, or of her share in personal estate, unless otherwise expressed in the will; but she may elect whether she will take such devise or bequest, or whether she will renounce the benefit of such devise or bequest, and take her dower in the lands and her share in the personal estate."

Section 7 of the same act provides that, unless the widow files her written renunciation of the will with the court within one year after the probate thereof, she shall be deemed to have taken under its provisions. Our statute provides that every devise of lands or any estate therein, by will, shall be a bar to the widow's claim of dower, unless otherwise expressed in the will. The will of Curtis is made a part of the answer in this case. It contains no expression that it was the intent of the testator that the bequest to plaintiff should be in addition to dower, or otherwise than as a devise to her in lieu thereof. We are of opinion that the plaintiff, by electing to take under the provisions of the will, barred herself of the right to claim dower in any real estate of which her husband died seised, as well as the lands aliened by him alone in his lifetime. By her election she in effect relinquished all her rights to be endowed in the lands of her husband, whether the lands had been aliened by him alone in his lifetime, or whether they were lands of which he died seised. This is certainly in accordance with the great weight of authority.

The judgment appealed from is affirmed.

*Affirmed.*

DE WITT, J., and HUNT, J., concur.