ANNABELLE McGOWAN and others *vs.* CHARLES O. BALDWIN, Administrator.

## July 3, 1891.

**Will—General Devise to Wife—Homestead—Election.—**A gift or devise by a testator to his wife as follows, "one-half of all I own," is not to be construed as intended to include the estate or interest of the wife in the homestead, which is incapable of being disposed of by him by will. She is not therefore, in such case, put to an election between the statutory and testamentary provisions made for her, but is entitled to both.

**Same—Devise Presumed a Bounty.—**Unless the contrary appears from the will, the presumption is that a legacy or devise is intended as a bounty, and not as a purchase or in lieu of statutory provisions in the nature of dower.

**Estates of Decedents—Fee of Homestead as Assets.—**Under the act of 1876 (Gen. St. 1878, c. 46, § 2,) the fee of the homestead, subject to the life-estate of the husband or wife, is to be treated as assets belonging to the estate of the deceased, and may be sold, and proceeds applied to the payment of debts, in due course of administration.

**Mortgaged Homestead—Mortgage, how Chargeable to Fee and to Life-Estate.—**Where the homestead is mortgaged, the life-estate of the

survivor is subject to and must bear its proportion of the incumbrance, if a valid lien, in case of a deficiency of personal assets. In an order of sale of the remainder in fee in the homestead property, it is error to charge the same with the entire incumbrance of a subsisting mortgage for which the entire estate is liable.

Charles O. Baldwin, administrator, with the will annexed, of the estate of Thomas F. McGowan, deceased, petitioned the probate court of St. Louis county for license to sell, for payment of debts, the residue of the real estate of the testator, which consisted of the homestead—a half-lot in Duluth. At the hearing the application was opposed by Annabelle McGowan and others, sisters and devisees of the testator, but was granted, and they appealed to the district court for St. Louis county, where the appeal was heard by *Stearns*, J., and the order of the probate court affirmed. The order appealed from authorized a sale of the property "subject, however, to the life-estate to which it has been duly made to appear the widow of said deceased is entitled in the same, upon the ground that the same was at the time of the death of the deceased the homestead of deceased, and subject also to mortgage existing upon the same, aggregating $7,500 besides accrued interest, which mortgage indebtedness the purchaser will assume and give bond to pay." The objecting devisees claimed that under the terms of the will (recited in the opinion) the widow was required to elect before she could claim a life-estate in the homestead, and, as she had not elected, the court should not order a sale subject to such a life-estate.

*Draper, Davis & Hollister*, for appellants.

*A. H. Crassweller*, for respondent.

VANDERBURGH, J. Thomas McGowan, the testator mentioned in these proceedings, died on the 7th day of February, 1887, leaving, him surviving, Susan McGowan, his widow, and his three sisters, the appellants. By his will, set out in the record, he disposed of his estate as follows: "One-half of all I own to my three sisters, Mary, Eliza, and Annabelle, in Buffalo, N. Y.; the remaining one-half to my wife. In the event of my wife's death, her one-half to go to my three sisters in Buffalo, and, in case of their death, their one-half to go to my wife." At the time of his death his estate consisted of his

homestead in the city of Duluth, and certain other property, real and personal, which has since been sold for the payment of his debts. The widow claims to be entitled to a life-estate in the homestead under the statute, and also to one-half of the residue of the estate under the will.

1. The first question raised is whether by the terms of the will she was put to an election. From the organization of the territory until the passage of the act of March 9, 1875, (Laws 1875, *c.* 40,) abolishing dower, the settled rule in this commonwealth has been as provided by Rev. St. 1851, *c.* 49, § 18, and Gen. St. 1866, *c.* 48, § 18. By the repeal of that chapter by the law of 1875, the common-law rule was revived, under which it is so well settled that the widow is entitled to both the statutory and testamentary provisions, unless a contrary intention appears from the will, that the courts do not feel warranted in resorting to an opposite construction, especially in view of the express repeal of the former statute without incorporating any similar provisions in the new act. The grant or devise in general terms by a testator "of all my estate," or "all I own," is to be construed, under the prevailing common-law rule, not to include the inchoate estate or interest of the wife, which is incapable of being disposed of by him, unless the will contains other language or provisions from which such intention is made manifest. Unless the contrary appears from the will, the presumption is that a legacy or devise is intended as a bounty, and not as a purchase or satisfaction of the statutory provisions for the wife. *In re Gotzian*, 34 Minn. 159, 164, (24 N. W. Rep. 920.) In the case cited it was held that, upon construing the various clauses of the will together, it was sufficiently clear that the testator intended to include in and dispose of by his will all the estate, real and personal, possessed by him in his lifetime, and not merely what he was lawfully entitled to convey or devise. But in the present case the terms of the will are simple, and its interpretation is not complicated by clauses other than those quoted, qualifying or limiting the construction thereof. It must therefore be presumed that the testator intended to grant his own, and what he could lawfully dispose of, merely. We think the court was right in holding that the widow was not put to an election.

2. Under the act of 1876, (Gen. St. 1878, c. 46, § 2,) the fee of the homestead is to be deemed a part of the assets of the testator, subject to the life-estate of the widow. It may therefore be applied to the payment of his debts. *McCarthy* v. *Van Der Mey,* 42 Minn. 189, (44 N. W. Rep. 53.) The question whether the same might be sold for such purpose by order of the probate court, pending the life-estate, was referred to in the case just cited, and it is evident from what is there said, that, since the value of the life-estate may be estimated by well-defined rules, there is no good reason why the sale should be postponed till the expiration of such estate, but the value of the remainder in fee may be ascertained with sufficient certainty to warrant the court in proceeding to dispose thereof in due course, as in other cases. We think the court did not err in ordering the sale in this instance.

3. There is a valid subsisting mortgage upon the premises, however, in which the widow joined. It was therefore an incumbrance upon the interest of both husband and wife,—upon the entire estate. Her interest, as well as that of the heirs, is bound by it, and must bear its proportion of the burden, in the absence of personal property to be applied in satisfaction of the mortgage debt. The entire burden of the incumbrance cannot, therefore, lawfully be imposed upon the remainder. The order required the sale to be made subject, also, to the mortgage, aggregating the sum of $7,500, besides accrued interest, which mortgage the purchaser was required to assume and give bonds to pay. For the reason stated, it was manifest error to exempt the estate of the widow, and charge the remainder in fee with the entire incumbrance. Under the statute, (Laws 1881, c. 43, § 2; Laws 1889, c. 46, § 181,) the sale and conveyance may be made subject to the mortgage, and indemnity given to protect the estate, as in the case of "the sale of a contract for the purchase of lands on which payments are to become due," or the executor or administrator may sell any part or portion of the interest and estate of the deceased in any lot or tract of land charged with any lien or incumbrance, upon the release of the lot or tract or part so sold, and apply the proceeds to the payment of such charge or lien. The indemnity need only be for the amount or proportion of the mortgage debt

properly chargeable to the estate or interest sold, or such interest may be released on payment of such proportion, to be adjusted by the court after hearing the parties.

Order appealed from reversed, and case remanded for further proceedings in conformity with the opinion.