KATE BLAKEMAN v. FREDERICK W. BLAKEMAN, Executor.[1]

May 5, 1896.

Nos. 10,089—(298).

**Allowance to Widow—Rents of Real Estate.**

The allowance to the widow pending administration, provided for by G. S. 1894, § 4477, subd. 3, may be made by the probate court out of the rents and profits of the real estate when there is not sufficient personal estate to pay the same.

**Same—Election to Take under Will.**

The will gives the widow one-third of the estate "in lieu of all her right and interest in my estate under the statutes of the state of Minnesota"; she elected to take under the will, and was thereafter given an allowance under said third subdivision. *Held*, as against the other devisees, she cannot have such an allowance except as an advancement out of her own share, and the allowance so granted is held not to be such an advancement.

Appeal by F. W. Blakeman, as executor, from a judgment of the district court for Hennepin county, entered in pursuance of the findings and order of Russell, J. Reversed.

*F. B. Hart*, for appellant.

*Charles B. Holmes*, for respondent.

CANTY, J. In January, 1895, William Blakeman died testate, and devised to his widow, Kate Blakeman, the one-third part of his estate, as provided in the will, "in lieu of all her right and interest in my estate under the statutes of the state of Minnesota." The will was probated, and the executors qualified. Thereafter, in February, 1895, the widow filed her election in writing

[1] Reported in 67 N. W. 69.

to take under the will, and made an application to the probate court for an allowance for her maintenance pending the administration of the estate. The court allowed her $50 per month. It appeared by the inventory soon after filed that the estate consisted of real estate of the value of $118,500 and personal property, including household furniture, of the value of $600. The widow selected and the court allowed and set over to her all of this personal property pursuant to the first subdivision of section 4477, G. S. 1894. Thereafter, in June, 1895, the widow made application to the probate court for an additional allowance, and thereupon the court granted her an additional allowance of $20 per month "out of the personal estate of the deceased, or the rents and income from said estate, for the maintenance of the heirs constituting the family of said deceased, from the 1st day of February, 1895, during the progress of the settlement of said estate until the further order of this court." It was further ordered that this allowance of $20 per month was in addition to the $50 per month theretofore allowed. From this order for additional allowance the executors appealed to the district court. The district court found that the order appealed from is reasonable, and affirmed the same, and from the judgment of affirmance the executor appeals to this court.

1. It is contended by appellants that there is no authority under our statute for making such an allowance payable out of the rents and profits of the real estate; that the statute (section 4477, subd. 3) provides for an allowance only out of the personal estate, and that there is now no personal property belonging to this estate, as all of the same had already been set over to the widow. While section 4477 makes no provision for such an allowance out of any but the personal estate, we are of the opinion that section 4527 does. It reads as follows: "When there is not sufficient personal estate in the hands of the executor or administrator to pay all the debts and legacies and the allowance to the widow and minor children, the probate court may on petition of the executor or administrator, order the sale of the real estate or so much thereof as may be necessary to pay the same." If the allowance of the widow can be paid out of the proceeds of real estate sold by the

probate court, it can certainly be paid out of the rents and profits of such real estate.

2. It is further contended that, as the widow accepted the provisions of the will in lieu of her statutory right and interest in the estate, it was error to allow her any sum in addition thereto. We are of the opinion that, as against the other devisees, subdivision 3 of section 4477, does not, in such a case as this, authorize an allowance to the widow except as an advancement out of her own share of the estate.

Subdivision 1 provides that as to the allowances therein specified "such allowances shall be made as well when the widow receives the provisions made for her in the will of her husband, as when he dies intestate." But no such provision is contained in subdivision 3. The expression of one thing is the exclusion of another. As to the allowances specified in subdivision 1, the widow cannot be required to elect between her statutory rights and the provisions of the will, but can take these allowances, and also what the will gives her, though the will provides to the contrary. But as to the allowance specified in subdivision 3, she can be compelled by the testator to elect, and after she has elected to take under the will, she cannot, as against other legatees, have this allowance. The effect of the amendment of section 4477 by Laws 1893, c. 116, § 6, was not, as respondent contends, to prevent the testator from compelling an election, but merely to prevent him from disposing by his will of his personal property, so that the widow cannot have this and certain other allowances out of it, if she elects to take under the statute, and not under the will. See In re Rausch, 35 Minn. 291, 28 N. W. 920.

The order granting such an allowance is usually provisional. The widow cannot be compelled to starve until she makes an election as to whether she will take under the will or under the statute. She is entitled to a reasonable time in which to make her election, and to an allowance in the meantime. If she elects to take under the will, the allowance made prior to such election will, at least in such a case as this, become a mere advancement. As the court has made her the allowance after her election, we cannot hold it to be provisional, or one that could ever be charged to her as an advancement out of her own share, but must hold it

to be an absolute allowance out of the general funds in the hands of the executors.

It follows from this that the judgment appealed from must be reversed. So ordered.