CHARLES O. BALDWIN and Another v. MATHILDA ZIEN and Another.[1]

February 16, 1912.

Nos. 17,439—(229).

**Will — sale of realty.**

A testator by his will gave to his wife a legacy of $5,000, a devise of a leasehold interest for life, and the remainder thereof to his brother, and made a number of other legacies. The district court, on appeal from the probate court, made its order directing a sale of the real estate, and the order in which it should be sold, and the application of the rents from the leasehold estate. Will construed, and *held*, that it was not error to omit from the sale the homestead, nor to include in the sale land contiguous thereto, but not a part of it, nor to direct a sale of the remainder of the leasehold estate before the sale of the life estate, nor to direct that advances made to the widow and taxes paid by the executors on the leasehold estate be repaid out of the rents of the leasehold estate.

Charles O. Baldwin and H. M. Levy, two of the three executors of the estate of Jacob D. Zien, deceased, petitioned the probate court

1 Reported in 134 N. W. 498.

for St. Louis county for its order determining what disposition they should make of the money in their rent fund, and that they be licensed to sell the lands belonging to the estate for the payment of debts, expenses and legacies. The substance of the will is stated in the opinion.

Isaac Zien, the third executor, in his separate petition, prayed that, instead of licensing the sale of the real estate, the court direct the executors to sell all the personal property; that they transfer from the so-called "rent fund" to the "general fund" what they have paid from the general fund upon the indebtedness secured by mortgage upon the leasehold property; that they apply all proceeds of the personal property on the debts and expenses of administration; that, if the court makes any order for the sale of any real estate, it direct such sale to be made in the following order: (1) All of the real estate except that devised to either the widow or to petitioner or to his children; (2) the real estate devised to Mathilda Zien in paragraph 5 of the will, and (3) the leasehold estate.

As legatee and devisee under the will, Isaac Zien filed written objections to any order authorizing a sale of the real estate devised and bequeathed to him in paragraph 3 of the will, and to any order directing the payment of any portion of the rent fund to Mathilda Zien, as legatee and devisee under paragraph 3, until all debts, expenses of administration, and the legacies mentioned in paragraph 2 had been paid.

Mathilda Zien, the widow, answered the petition of the executors and objected to the sale of any real estate or personal property devised or bequeathed to her under the will, for the purpose of paying debts, expenses or legacies, until all other property, real or personal, owned by the testator at the time of his death was sold; alleged that all rents collected from the leasehold property, less actual disbursements for maintaining it, belonged to petitioner under the will, and no part thereof should be used for the payment of debts, expenses or legacies, unless the property of testator other than that bequeathed or devised to her be first sold; and objected to any deduction of

taxes for the year 1908 upon the premises, for the reason that the taxes were due and owing at the time of the death of the testator.

The matter was heard by the judge of probate, who made findings and licensed the representatives of the estate to sell the real estate of deceased in the order mentioned in the findings. From the order of the probate court, in so far as it ordered and directed the sale of the interest devised and bequeathed to said Isaac Zien in and to the leasehold estate, the latter appealed to the district court for that county. The appeal was heard by Dibell, J., who made findings of fact and conclusions of law as stated in the opinion (page 183).

From the judgment and order remanding the proceedings to the probate court with directions to enter an order licensing the sale of so much of the real estate as might be necessary to pay the costs of administration, the debts and the legacy of $5,000 to Mathilda Zien in paragraph 2 of the will, in so far as the judgment and order directed a sale of the remainder interest of Isaac Zien in the leasehold estate before the life estate of Mathilda Zien in the leasehold estate, and in so far as it directed a sale of said remainder interest of Isaac Zien before the sale of the homestead bequeathed to Mathilda Zien, Isaac Zien appealed.

From the judgment and order remanding the proceedings to the probate court with directions to enter an order licensing the sale of so much of the real estate as might be necessary to pay the costs of administration, the debts and the legacy of $5,000 to Mathilda Zien, in so far as the judgment and order directed the sale of the westerly $21^2/_7$ feet of the easterly one half of a certain lot constituting part of the homestead of decedent, before the sale of the remainder interest of Isaac Zien in the leasehold estate described in the findings; and in so far as the findings, judgment and order adjudged that the taxes for 1908 of the leasehold estate were a charge against the life interest of Mathilda Zien in the leasehold estate; and in so far as the finding, judgment and order adjudging that the $9,600 paid by the executors to Mathilda Zien must be treated as an advancement

to her, and must be repaid by the executors out of the funds in their hands belonging to her, Mathilda Zien appealed.

Affirmed on both appeals.

*Washburn, Bailey & Mitchell,* for appellant Isaac Zien.

*Crassweller, Crassweller & Blu,* for appellant Mathilda Zien.

*Baldwin & Baldwin* and *J. T. Pearson,* for the executors of the estate.

START, C. J.

Jacob D. Zien died testate April 9, 1909, and his will was duly admitted to probate by the probate court of the county of St. Louis. His principal legatees and devisees were his widow, Mathilda Zien, and his brother, Isaac Zien. It became necessary in the course of the settlement of the estate, for the purpose of paying debts and legacies, to sell real estate which had been devised by the will. Accordingly the probate court made its order licensing the executors to sell such real estate and designating the order in which it should be sold. Isaac Zien appealed from the order to the district court of the county of St. Louis.

Upon a hearing of the matter in that court, an order was made remanding the case to the probate court, with directions to enter an order licensing the sale of so much of the real estate as might be necessary to pay the costs of administration, the debts, and a legacy of $5,000 to Mathilda Zien, and also directing the order in which the several parcels of real estate should be sold. Isaac Zien and Mathilda Zien severally appealed from the order.

The principal question raised by the cross-appeals relates to the order in which the real estate should be sold. A solution of this question depends upon the construction of the will, which contained twenty-five paragraphs, consecutively numbered. The here material provisions of the will, with the paragraph number of each, are to the effect following:

1. I desire and request that all my just debts be paid.

2. I give, devise, and bequeath to my wife, Mathilda Zien, $5,000, to be paid before the payment of any other bequests.

3. All of my interest, being a leasehold interest, in the south one hundred feet of lots 17 and 19 on West First street, Duluth, I give, devise, and bequeath to my wife, Mathilda Zien, for the period of her natural life, and upon her death the remainder to my brother Isaac Zien, if living, but, if not, to his children.

4. I desire and request my executors to erect suitable monuments over the graves of my father and mother, each to be of the cost of $100, and to erect upon my burial lot a vault to cost $2,500.

5. I give, devise, and bequeath to my wife, Mathilda Zien, my homestead in the city of Duluth, together with the land contiguous thereto which I shall own at the time of my death.

6. I give, devise, and bequeath my household furniture, horses, and carriages to my wife.

7. I give, devise, and bequeath my diamonds and jewelry to the children of my brother Isaac Zien.

8. I give, devise, and bequeath to the children of my brother Louis Zien my wearing apparel.

9. I direct my executors to invest $10,000 for the benefit of my brother Louis Zien.

10. I direct that, if my brother Louis Zien does not survive me, the $10,000 be invested for the benefit of his children.

11 to 20. (These paragraphs contain specific bequests to various persons and institutions.)

21. "It is my will and it is the intention hereof that out of my estate my said executors shall comply with all the requests and pay all the bequests and perform all the requirements contained in the paragraphs hereof numbered from one (1) to ten (10), both inclusive, in the order therein set forth, and shall provide for the bequests and payments in said ten paragraphs provided for in full before any other bequest is paid and before any money is appropriated for any other purpose herein mentioned."

24. "I hereby give, devise and bequeath to my brother, Isaac Zien, the indebtedness of $21,996.00 and interest, which he owes me according to the terms of eighteen promissory notes, all dated January 8th, 1909, and aggregating $21,996.00; and it is my will,

notwithstanding anything else hereinbefore mentioned, that at my death said indebtedness shall be considered canceled, and my said executors are authorized and directed to mark said notes canceled and deliver them up to said Isaac Zien, who shall upon my death be discharged from all liability upon said notes."

The trial court made the will a part of its findings, and found that the debts proved against the estate of the testator amounted to $30,750.46, of which the executors had paid $16,572.12, leaving unpaid a balance, including interest, of $15,908.78; that the expenses of administration unpaid were $5,000; and, further, that it was necessary to sell certain or all of the real estate to pay the expenses of the administration, the debts, and the legacies provided for in the will.

The trial court also found that the leasehold estate devised by the will to the widow for life and remainder to the brother Isaac was created by a lease for fifty years from January 10, 1907; that in and by the terms of the lease the lessee was required to pay all taxes and a yearly rental of $2,000; that the taxes for the year 1908 amounted to $1,259.64, which were chargeable to the widow, and had been paid by the executors; that they had received as rents from the leasehold estate the net sum of $18,414.80, which sum, plus $710.56 which had been paid from the rents for the benefit of the estate, will belong to the widow upon final distribution, unless it be necessary to sell her interest in the leasehold estate, less $9,600 advanced to her by order of the probate court; that such advancement must be repaid out of funds in the hands of the executors belonging to the widow.

As a conclusion of law the trial court ordered and directed that five certain parcels of land, described in its order, and which were not specifically devised by the will, be sold before any of the remaining real estate; that the land contiguous to the homestead, but no part thereof, be sold before any part of the leasehold estate; and that the remainder interest of Isaac Zien in the leasehold estate be sold before the life estate of the widow therein.

It appears from the record that the widow assented to the will and elected to take thereunder.

The appeal and assignments of error on the part of Isaac Zien raise the questions whether the court erred in not directing a sale of the homestead, as well as the land contiguous thereto, before the sale of his remainder interest in the leasehold estate, and whether it was error to direct a sale of his interest therein before a sale of the interest of the widow therein. Those on the part of the widow raise the question whether it was error to direct a sale of the land which was contiguous to the homestead, or in holding that the advancement of $9,600 should be repaid from the fund in the hands of the executors belonging to her, or in charging her interest therein with the taxes.

The several questions raised by the respective appellants are so connected and dependent for their solution upon a construction of the will that it is not practicable to discuss and decide them separately.

The intention of the testator as expressed by his will must prevail. It is apparent from the will and the findings of the trial court that the testator overestimated the value of his estate, and that none of the money legacies can be paid, except the one to his widow. That a contingency might arise which would prevent the payment in full of all the bequests was anticipated by the testator, and he attempted to make provision for it by paragraph 21 of his will, in which he directed the payment of all *bequests* contained in paragraphs 1 to 10 thereof in the order therein set forth. In a strictly modern legal sense the words "bequest" and "bequeath" are the appropriate terms for making a gift by will of personalty, and the words "devise" and "devise" for a gift of realty. But it is evident that the testator used the words in their popular sense, and as applicable alike to a gift by will of property of any kind; hence the word "bequests" in paragraph 21 cannot be limited to gifts of personalty.

It does not, however, follow from this conclusion that it was the intention of the testator that the homestead and the household furniture given to the widow by paragraphs 5 and 6 should be sold to

pay debts and legacies, which would be the necessary result if the construction of the will contended for by the appellant Isaac Zien be accepted. The purpose of the testator to provide a home for his widow and a certain income to maintain herself during her life is obvious on the face of the will. Equally clear is the purpose of the testator to deal liberally, subject to the provisions made for his widow, with his brother Isaac. The direction in paragraph 21 to comply with the requests and pay the bequests in the order set forth in paragraphs 1 to 10 must be construed so as to give effect to the manifest intention of the testator to provide a home and income for his widow. Her assent to the will and election to take thereunder must also be construed with reference to such intention of the testator. So construing them, we hold that the will does not subject the homestead for sale for the payment of debts and legacies before the sale of the remainder interest of Isaac Zien in the leasehold estate; for a contrary intention is manifested in the will.

The testator by paragraph 3 of his will did not treat the leasehold estate as an entirety, but divided it, by giving to his widow the use thereof for her life and the remainder of the term to his brother. This remainder has a very substantial and easily ascertainable value; for if the age of the widow is, as seems to be conceded, fifty years, her expectation of life is less than one-half of the time limit of the leasehold estate, and there is neither reason nor necessity for selling the leasehold estate as an entirety. It follows that the trial court did not err in ordering the remainder interest to be sold before the life estate, and the order must be affirmed on the appeal of Isaac Zien.

This brings us to a consideration of the alleged errors urged on behalf of the widow. Her first claim is that the trial court erred in directing a sale of the land contiguous to the homestead, because such legacy falls within the general rule that a legacy given in lieu of dower does not abate, but has priority over general legacies which are mere bounties. The presumption, however, unless the contrary appears from the will, is that a legacy is intended as a bounty, and not as a purchase or in lieu of statutory provisions in the nature

of dower. In re Gotzian, 34 Minn. 159, 24 N. W. 920, 57 Am. Rep. 43; McGowan v. Baldwin, 46 Minn. 477, 49 N. W. 251.

We are of the opinion that it clearly appears from the will, when its whole scheme is considered, especially the provision of paragraph 21 that any land contiguous to the homestead *which the testator "shall own at the time of his death,"* that it was the intention of the testator to subject the land in question to sale for the payment of debts and legacies in the order directed by the trial court.

The second and third alleged errors urged are without merit. The trial court correctly treated the amount paid to the widow by order of the probate court as an advancement, to be repaid out of the rents of the leasehold estate. Blakeman v. Blakeman, 64 Minn. 315, 67 N. W. 69.

The taxes were due at the time of the testator's death, and as between the life tenant and the remainderman the life estate must carry the taxes. Therefore the order directing their payment out of the income from the life estate was right.

Order affirmed on both appeals.

PHILIP E. BROWN, J., being absent on account of illness, took no part.