# LUEY HORBACH v. CATHERINE HORBACH.[1]

October 30, 1914.

Nos. 18,724—(226).[2]

**Widow's allowance of personalty.**
Under subdivision 1, R. L. 1905, § 3653 (G. S. 1913, § 7243), the widow is entitled to the allowance of personal property to the amount of $500 provided thereby, though she assents to her husband's will at the time of its execution and accepts its provisions in lieu of the provisions made for her by law, the subdivision cited providing that she shall receive such allowance as well when she takes the provisions made by her husband's will as when he dies intestate.

From an order of the probate court granting the petition of Catherine Horbach, widow of Daniel Horbach, deceased, that she be allowed personal property of decedent of the appraised value of $500, Luey Horbach, as executor of the last will and testament of said decedent, and in his own behalf as one of the heirs, legatees and devisees of said decedent, appealed to the district court for Dakota county. The appeal was heard before Hodgson, J., who made findings and ordered judgment affirming the order of the probate court. From the judgment entered against him Luey Horbach, as executor of the last will and testament of decedent, appealed. Affirmed.

*P. H. Keefe,* for appellant.
*Albert Schaller,* for respondent.

DIBELL, C.
Daniel Horbach bequeathed to his wife Catherine Horbach $400. He devised the rest of his estate, including his homestead, to his three children. The will provided that the bequest to his wife was "in lieu of any provisions made for her by the laws or statutes of the

1 Reported in 149 N. W. 303.                    2 April, 1914, term calendar.

state of Minnesota." At the time of the execution of the will Mrs. Horbach assented thereto and accepted the provisions of it in lieu of any provisions made for her by the laws or statutes of the state, and particularly declared that she waived any right given her by statute in the homestead of her husband.

After her husband's death she selected personal property to the value of $500 and petitioned that it be set aside for her. The probate court made an order setting it aside. Upon appeal to the district court the order was affirmed. This appeal is from the order of the district court affirming the order of the probate court.

By subdivision 1, R. L. 1905, § 3653 (G. S. 1913, § 7243), it is provided, among other things, that the wife shall be entitled to personal property amounting to $500, to be selected by her. It was under this section that Mrs. Horbach claimed the right to select the personal property. The subdivision of the section of the statute cited contains this provision:

"She shall receive such allowances when she takes the provisions made for her by her husband's will, as well as when he dies intestate."

The precise question is whether, when the wife at the time of execution of the will assents to it and accepts its provisions in lieu of the provisions made for her by statute, she may still claim her statutory allowance of $500. We hold that she may. There is nothing in the case to make the result different from the ordinary case of an election to take under the will. When she takes under her husband's will she still has the absolute right to the allowance specified in subdivision 1. So far as we are advised the question presented has not been decided in this state. The conclusion we have reached was forecasted by the decision in Blakeman v. Blakeman, 64 Minn. 315, 67 N. W. 69.

Order affirmed.