IN RE ESTATE OF JOHN E. ROGERS, DECEASED.
HERMAN L. BENZ AND OTHERS v. MAE E. ROGERS.[1]

November 22, 1918.

No. 20,940.

**Appeal from probate court — trial de novo in district court — evidence.**
1. On appeal from an order of the probate court the district court tries the case de novo and with all the light then obtainable. New facts developing after the hearing in probate court may be received in evi-

[1] Reported in 169 N. W. 477.

dence. A district court decree in another suit, involving issues over which the probate court had no jurisdiction and entered during the pendency of the appeal, may be received in evidence if pertinent to the issue.

**Widow's application for allowance — evidence.**

2. A contract between the widow and other devisees under a will, disposing of the estate of the deceased in a manner different from the terms of the will, and which has by decree been determined to be a valid contract, may, with the decree, be received in evidence on the hearing of an application of the widow for an allowance.

**Same — right waived by contract.**

3. The widow's right to an allowance for maintenance under the statute may be waived by contract. The contract in evidence in this case operated as a waiver of appellant's right to such an allowance.

Mae E. Rogers, widow of decedent, petitioned the probate court for Hennepin county for an allowance for her support, and the probate court granted her $500 per month until the further order of the court. From that order the executors of the estate of John E. Rogers, deceased, appealed to the district court for that county, where the matter was heard before Rockwood, J., who made findings and reversed the order of the probate court. From an order denying her motion for a new trial, Mae E. Rogers appealed. Affirmed.

*A. B. Jackson* and *George R. Smith,* for appellant.

*James E. O'Brien,* for the executors.

*Charles J. Tryon,* for the devisees.

HALLAM, J.

John E. Rogers died testate January 22, 1912. On February 1, 1912, appellant, his widow, entered into a contract with the other devisees and the executors and trustees under the will, disposing of the estate among themselves in a manner different from that prescribed in the will. Among other things it authorized payment by the executors to appellant of $500 per month for maintenance and support in lieu of an allowance of $2,500 a year provided in the will for that purpose. At the same time appellant executed a separate document purporting to accept in full the provisions of the will. In March, 1914, appellant filed a petition in the probate court asking permission to revoke this separate instrument

and on January 19, 1915, the probate court made an order allowing her to do so. In May, 1914, appellant petitioned the probate court, reciting among other things that an action was contemplated to cancel the contract of February 1, 1912, and asking for an allowance of a suitable sum for her current support and maintenance during the pendency of this litigation. On June 1, 1914, the probate court granted an allowance of $500 per month for such purpose to continue until the determination of such litigation. The executors and devisees appealed to the district court. The appeal came on for trial in district court on June 11, 1917. In the meantime the action of appellant to set aside the contract had been commenced and tried. On January 28, 1916, the district court made findings determining the validity of the contract and this decision was affirmed by this court on appeal. 136 Minn. 83, 161 N. W. 395, 1056. On May 16, 1917, final judgment was entered in the district court pursuant to this decision.

On the trial in this proceeding in district court the court received in evidence the contract, and the judgment roll in the action determining its validity, and at the conclusion of the trial denied the application for an allowance.

1. Appellant claims that the contract and judgment roll were not proper evidence. We think they were. The jurisdiction of the district court in probate matters is appellate only. The issue on appeal is the same as it was in probate court. The district court is required either to affirm or to make the order or decree which should have been made by the probate court or remand with direction to make such an order or decree. G. S. 1913, § 7497. Yet the function of the district court is not merely to review the record made in the probate court. The matter is tried in district court de novo in the same manner as if originally commenced in that court (G. S. 1913, § 7497), and the district court tries the case with all the light then obtainable. New facts developing after the trial in the probate court may be received in evidence in the district court, if pertinent to the issue. Strauch v. Uhler, 95 Minn. 304, 104 N. W. 535. A judgment between the same parties upon any point at issue is res adjudicata even though entered after the order of the probate court was made. Washburn v. Van Steenwyk, 32 Minn. 336, 355, 20 N. W. 324. The question is not whether the determina-

tion of the probate court was right upon the record made in that court or upon the evidence then obtainable, but whether the same order would be proper upon the record made and the evidence produced in the district court.

It may well be that the probate court could not have entertained the litigation involved in the cancelation suit, but it could have received in evidence the decree in the cancelation suit had that decree been then rendered, just as a court of law may receive in evidence a decree of a court of equity determining equitable issues which the court of law could not itself entertain or determine. This decree, entered after the hearing in probate court, was properly receivable in evidence on the trial in the district court just as any other newly developed fact would be, provided only it had some material bearing upon the issues involved.

2. We think the contract and the decree were material evidence. The decree was in terms a dismissal of the widow's action to cancel the contract, but it was in fact a dismissal on the merits, and from the judgment roll it is clear that the decree was a complete and final determination of the validity of the contract. The offer of the decree in evidence, therefore, permitted no issue to be raised as to the validity of the contract.

The question is, then, did this contract, already adjudicated a valid one, bar or waive the widow's right to an allowance for maintenance under the statute. It has been held in this state that, where the widow of a testate elects to take under the will, she is not entitled to the statutory allowance for maintenance. Blakeman v. Blakeman, 64 Minn. 315, 67 N. W. 69. As indicated in Rogers v. Benz, 136 Minn. 83, 161 N. W. 395, 1056, we do not regard this contract as a statutory election to take under the will nor do we recognize the contract, as it is in fact labeled, as a "modification" of the will and an acceptance of the will as modified. We regard it, as it is in substance, as a valid disposition by the parties of the property rights acquired by them from the deceased.

The decision in the Blakeman case is pertinent here so far as it holds that the provision of the statute for an allowance for maintenance is not absolute, but may be waived. The widow of a testate may have the right to such allowance, or she may lose it according as she exercises her option to take or not to take under the will. If it is a right which

she may waive by election, we see no reason why she may not waive it by contract. We hold that she may do so. This decision is in consonance with the authorities on the subject. See Giles v. Giles, 135 Ga. 683, 70 S. E. 335. See also Deller v. Deller, 141 Wis. 285, 124 N. W. 278, 25 L.R.A.(N.S.) 751.

It was the clear intent and purpose of the contract of February 1, 1912, that appellant should waive or forego all her rights in the property of the estate except those vouchsafed to her by the contract itself. The contract provided for a very substantial monthly allowance for support and maintenance, the use of a living apartment, and a special rate for meals. It is clear that it was not intended that there should still remain to her the right to another monthly allowance to be made by the probate court for the same purpose.

Order affirmed.