IN RE ESTATE OF CHRISTIANA NONNEMACHER.
ROSA DIEDRICH AND OTHERS v. JOHN GSTALDER
AND ANOTHER.[1]

October 8, 1943.

No. 33,514.

*Dorival & Roerkohl,* for appellants.
*William E. Flynn* and *L. L. Duxbury,* for respondents.

[1]Reported in 11 N. W. (2d) 147.

YOUNGDAHL, JUSTICE.

This is an appeal from a judgment of the district court of Houston county construing a will. The facts are stipulated.

On March 26, 1941, Christiana Nonnemacher died testate, a resident of the village of Hokah in Houston county. The will was admitted to probate on April 25, 1941. Surviving her were nine children, all of whom were named as beneficiaries in the will in diverse amounts. Another daughter, Louisa Becker, also named as a beneficiary, predeceased testatrix, having died on May 29, 1939, without leaving issue, her sole heir being her surviving spouse, Benjamin Becker. The property consisted of $12,323.21 in cash, several small notes, in which some of the beneficiaries were the makers, in the total sum of $657, and a trust certificate of the appraised value of $130.60.

Louisa Becker was born November 4, 1894. She married appellant Benjamin Becker April 22, 1925, and until her marriage remained at home and worked. Some of the other children also stayed at home and, together with Louisa Becker, assisted decedent in paying for the farm and accumulating the money. The periods of time that the children remained at home varied. Under Article II of the will, seven children, including Louisa, were bequeathed the sum of $175 each. Under Article III, four children, including Louisa, were each bequeathed the sum of $500. Under Article IV, a daughter, Mary Nibbe, was cut off with the sum of only $100. Under Article V, a son, Jacob Nonnemacher, was given only the total sum of $500. Under Article VIII, eight children, including Louisa, were given equal shares in the residue of the estate. No claim was filed against the estate by any of the children. The controversy arises over the question of whether or not the legacy to Louisa lapsed upon her death. The probate court found that it had not lapsed. The district court reversed the findings of the probate court, holding that the legacy had lapsed. It is from the judgment entered pursuant to this finding that the appeal is taken.

The assignments of error raise but one question on this appeal: Did the bequests to Louisa Becker lapse upon her death? Minn. St.

1941, § 525.203 (Mason St. 1940 Supp. § 8992-44), provides that if a child or other blood relative of the testator, to whom a devise or bequest has been made, dies before the testator, leaving issue who survive the testator, such issue shall take the same estate which such devisee or legatee would have taken if he had survived, unless a different disposition be made or required by the will. In the instant case there were no issue, and consequently the statute is not applicable.

■ Under the common law it is universally held that a legacy lapses by the death of the legatee before that of the testator. In re Estate of Peavey, 144 Minn. 208, 175 N. W. 105; 6 Dunnell, Dig. & Supp. § 10299; 69 C. J. p. 1051, § 2256; and cases cited. The reason for the rule is that a will in its nature is ambulatory and does not become operative until the death of the testator, and until that event the legacy has never vested. There is no one in whom the legacy can vest at the time of the death of the testator. Edwards v. Beard, 77 Ind. App. 478-484, 134 N. E. 203, 204; In re Wells, 113 N. Y. 396-402, 21 N. E. 137, 138, 10 A. S. R. 457.

■ Appellants concede this to be the rule, but contend that the legacy in the instant case was not given as a bounty but to discharge a debt or obligation, and therefore did not lapse. A gift by will, given to discharge a debt or obligation and not as a bounty, does not lapse upon the death of the beneficiary before that of the testator, even though such debt is barred by the statute of limitations or is otherwise not legally binding. Edwards v. Beard, *supra;* Ward v. Bush, 59 N. J. Eq. 144, 45 A. 534; McNeal v. Pierce, 73 Ohio St. 7, 75 N. E. 938, 1 L.R.A.(N.S.) 1117, 112 A. S. R. 695, 4 Ann. Cas. 71.

■ Appellants, however, cannot claim the benefit of this rule in the case at bar. Taking the intent of the testatrix as always the controlling factor in construing a will, we think it is clear from the language of the will that the legatee was the object of testatrix's bounty rather than the recipient of a bequest made to discharge a debt or legal obligation for services rendered after she became of age. It is true that Louisa, as well as some of the other children,

devoted a great deal of time and effort after reaching majority in assisting deceased in paying for the farm and accumulating the money. It does not appear, however, that such services were rendered from any other consideration than the usual filial love and affection existent between parents and children. It is significant that the will was not made until ten years after Louisa's marriage and after she had established a separate home of her own. No agreement to pay for her work can be implied from the fact alone that she continued after she became of age to be a member of deceased's family and worked for her. Donahue v. Donahue, 53 Minn. 460, 55 N. W. 602.

Appellants do not claim an agreement for compensation for the services rendered, but assert that the language of the will itself indicates a desire to discharge an obligation. It is clear to us that the will provides for a bounty rather than the discharge of a debt or obligation. The testatrix, consistent with a mother's instinct of fairness and equal consideration for all of her children, and not with the idea of paying a debt, attempted to equalize the bequests in the will in accordance with the special services rendered. This is explained in Article IX, where it is provided:

"The reason why I have bequeathed a larger portion of my estate to my children Louisa Becker, Freda Oechsle, Carl Nonnemacher, and August Nonnemacher and Gottlieb Nonnemacher is that they stayed at home and worked at home and assisted me in paying for the farm and accumulating the money."

This language was merely an explanation by testatrix as to why she was giving more to some of her children than to the others. It is not inconsistent with the conclusion that the bequests were bounties rather than the discharge of a debt or obligation. The presumption is that a legacy is intended as a bounty and not as a purchase or in lieu of statutory provisions in the nature of a dower. 6 Dunnell, Dig. § 10282; In re Estate of Gotzian, 34 Minn. 159, 24 N. W. 920, 57 Am. R. 43; McGowan v. Baldwin, 46 Minn. 477, 49 N. W. 251; and Baldwin v. Zien, 117 Minn. 178, 134 N. W. 498. It

is clear to us that the services were considered to have been given gratuitously and the additional legacies bestowed in grateful consideration of them. The fact that the additional legacies were comparatively small in amount when one considers the length of time that Louisa remained at home after her majority is another indication of the fact that testatrix considered them as bounties. Then again, the periods of time which the children remained at home after their majority varied, but they were given the same additional amounts in the will. This is not consistent with the theory of the discharge of a debt or obligation.

In Duncan v. Township of Franklin, 43 N. J. Eq. 143, 10 A. 546, it was held that the language: "I give and bequeath to Henry Benson Duncan, for his services in assisting me at different times, the sum of two thousand dollars," standing alone, did not import an indebtedness. Again, in McNeal v. Pierce, 73 Ohio St. 7, 75 N. E. 938, 1 L.R.A.(N.S.) 1117, 112 A. S. R. 695, 4 Ann. Cas. 71, *supra,* it was held that a legacy reciting that it is "in consideration of her care of my invalid mother many years preceding her death, and also her care of my infant son" did not imply a debt but a bounty. See also Edwards v. Beard, 77 Ind. App. 478, 134 N. E. 203, *supra;* In re Estate of Hoermann, 234 Wis. 130, 290 N. W. 608.

Bacon v. Kiteley, 101 Colo. 559, 75 P. (2d) 590, strongly relied on by appellants, is distinguishable on the facts. In the will in that case testatrix used words clearly indicating a debt or obligation. Also the case of In re Estate of Shardlow, 173 Misc. 795, 18 N. Y. S. (2d) 662, cited at the oral argument by appellants, is not in point. The legacy there given was to a doctor unrelated by blood to testator. The language of the will clearly showed an intention to discharge a debt. The cases which hold that a legacy in payment of a debt does not lapse do so for the reason that such is the manifest intention of the testator as indicated by the language of the will.

We conclude that the obvious intention of the testatrix in the instant case was to make a testamentary disposition to Louisa Becker as an object of her bounty and not to discharge a legal

obligation. The legacy therefore lapsed upon Louisa's death, and the judgment of the lower court should be affirmed.

Affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.