**Stanley R. WHEATON, as Executor of the Estate of Laurence A. Dare, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 4–78–118.**

United States District Court,
D. Minnesota,
Fourth Division.

June 5, 1979.

Clifford C. Lundberg, Elk River, Minn., for plaintiff.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., James P. Sites, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This is an action brought to recover federal estate taxes paid as a result of the disallowance of part of the marital deduction claimed by the estate of Laurence A. Dare. Both parties move for summary judgment; the necessary facts are the subject of stipulation.

Laurence A. Dare died a resident of Sherburne County, Minnesota, on December 30, 1974. His will, executed December 13, 1972, was admitted to probate in the local probate court. The provisions of the will relevant here are Articles III and IV:

### ARTICLE III

I give and bequeath to my said wife sufficient personal property out of my estate to make her share total one-half of my "adjusted gross estate" as defined in the Federal Internal Revenue Code, less the value of any nonprobate assets which are included in my said "adjusted gross estate" and which also qualifies as marital deduction property within the mean-

ing of said code, and less also the value of the property effectively bequeathed and devised by Article II of this Will.

## ARTICLE IV

To my son, Charles F. Dare, I give and bequeath all of my interest in the publishing business which publishes the Sherburne County Star News and the Elk River Atomic Shopper, including any stock I may own in E.C.M. Publishers, Inc. and also including the funds held in the business bank account at the time of my death, but excluding any interest in real estate. A condition of this bequest is that within six months after my death he pay to each of my children, Alan Dare, Donna Hafften and Mary Baufield, the sum of Four Thousand ($4,000.00) Dollars.[1]

The assets of the estate were insufficient to fund both Article III and Article IV. The Sherburne County Probate Court in its decree of distribution held:

> The Court further finds that the bequests to Rose Mary Dare, the widow, and Charles F. Dare, the son, although there be not sufficient assets to pay both bequests in full, do not ratably abate, but that the bequest to the widow, Rose Mary Dare is to be given preference to the bequest to Charles F. Dare.

Order of November 29, 1976, at 2. Plaintiff, the executor of the estate, filed the estate tax return on this understanding. The Internal Revenue Service disagreed with the probate court's analysis of the will, determined that the legacy to the widow should abate (thereby lessening the marital deduction claimed), and assessed a deficiency against the estate of $10,864.31. The estate paid the deficiency, and on December 14, 1977, filed a claim for refund with the IRS. The claim was disallowed on March 17, 1978, and on March 23, 1978, the instant complaint was filed. Jurisdiction inheres in this Court. See, 28 U.S.C. § 1346(a)(1); 26 id. §§ 7422(a), 6532(a)(1).

Plaintiff argues that under Minnesota law preference must be given in abatement to the legacy bequeathed a surviving spouse. The Government disputes this interpretation of Minnesota law, and argues further that Congressional intent in the estate tax laws negates plaintiff's claim for marital deduction. Two issues thus arise:

(1) Under Minnesota probate law, does the legacy to Charles F. Dare created in Article IV of the will abate before the legacy to Mrs. Dare created in Article III?

(2) If so, does the preference given the widow's legacy under Minnesota law conflict with the Internal Revenue Code?

■ When the assets of an estate are insufficient to satisfy the debts of the testator, the expenses of administering the estate, and the legacies and devises of the will, some legacies or devises must yield to others. The abatement of legacies or devises is governed first by the intention of the testator as determined from the will. If no intention is expressed in the will, and none appears in this case, abatement in Minnesota is governed by rules of construction: "In the absence of contrary provisions in the will, the order of abatement without distinction as to real and personal property is as follows: (1) property not disposed of by will; (2) residuary devises; (3) general devises; and (4) specific devises." 20 Dunnell Minn. Dig. *Wills* § 9.07, at 273 (3d rev. ed. 1977). Plaintiff has conceded that the legacy to Charles F. Dare in Article IV is specific, and concedes by his argument that the legacy to the widow in Article III is general. Ordinarily, then, the legacy in Article III would abate before the legacy in Article IV and judgment would be entered for defendant.

But the legacy in Article III is a legacy to a surviving spouse, a legacy of special stature under Minnesota law. The Minnesota Supreme Court recognized in 1885:

> It is well settled that a legacy given in lieu of dower does not abate with other legacies in case the fund is insufficient to pay all. The widow takes the estate

---

1. This condition was satisfied.

which she elects to receive in lieu of a dower as purchaser, for which she pays a consideration by surrendering her claim. *In re Gotzian*, 34 Minn. 159, 167, 24 N.W. 920, 924 (1885). Accord, *Merriam v. Merriam*, 80 Minn. 254, 264–65, 83 N.W. 162, 166 (1900). See also, *In re Estate of Peterson*, 203 Minn. 337, 281 N.W. 275 (1938). The most recent case to advance this view is *In re Estate of Paulson*, 208 Minn. 231, 293 N.W. 607 (1940). There, by will a widow received a life estate in a farm, the remainder to the children of her husband's former marriage. The widow made no election not to be bound by the will. The debts and expenses of the estate forced abatement. As appellant, the widow argued that the devise to her should be given preference. The supreme court agreed:

> Enough for this case is its established proposition of fact and law that appellant as widow is claiming preference for her life estate because she has given value for it and so enjoys the status of purchaser of the benefit rather than that of recipient of bounty. So the life estate devised to appellant must preferred to the remainder devised to the children.

*Id.* at 236, 293 N.W. at 610. The court reasoned:

> Because no other intent was here expressed, the devise to appellant is considered to be in lieu of her statutory interest. . . . No renunciation of the will having been made by her, appellant is "deemed to have elected to take under the will." She takes her devise "as purchaser, for which she pays a consideration by surrendering her claim" to her share by descent. (The latter is our statutory substitute for dower.) . . .
>
> By taking under the will, thereby foregoing her right to elect otherwise, appellant has put in the category of legacies founded on consideration the devise of the life estate to her. The gift of the remainder remains mere bounty. So the

case is within the "established rule that where a testamentary gift is founded upon some valuable consideration, it is, in case of a deficiency of assets, entitled to preference in payment over other legacies of the same class which are mere bounties, upon the ground that in such case the legatee stands in the situation of a purchaser, and not a mere volunteer." 28 R.C.L. p. 303.

*Id.* at 235–36, 293 N.W. at 609–10. In the instant case, because the legacies are of different classes, both parties agree that *Estate of Paulson* is not dispositive.

Indeed, no Minnesota case speaks directly to the instant issue or expands on the reasoning of *Estate of Paulson*. The Government argues:

> The theory behind treating a surviving spouse as a purchaser for value is that by electing to take under the will she should not thereby be deprived of an amount equal to that which she would take under the statute. In logic, it does not follow that a surviving spouse who takes by will should be considered as a purchaser for value for assets which are in excess of what the surviving spouse would have received if she had elected to take under the statute. We submit that the general rule, therefore, governs and Mrs. Dare was not put to an election, certainly not expressly, and not impliedly either.

(Def. Br. at 14) This argument is variously misconceived.

■ First, it assumes that a surviving spouse is not put to an election between her legacy under the will and her share of statutory dower[2] if the legacy exceeds the statutory share. Under present Minnesota law, a widow cannot receive both her legacy and the statutory share "unless it clearly appears from the contents of the will that such was the testator's intent." Minn.St. 525.212. See, *In re Estate of Evans*, 145 Minn. 252, 177 N.W. 126 (1920); *In re Estate of Paulson*, 208 Minn. 231, 235, 293

---

**2.** Minn.St. 525.16 provides that if there is more than one child surviving, the surviving spouse is entitled to one-third of the personal property and to an undivided one-third interest in real property of which the testator was seized or possessed during the marriage, if she properly renounces her testate share.

N.W. 607, 609 (1940). Thus, the presumption under present law is that a legacy is in lieu of dower. Where a surviving spouse may not take both legacy and dower because that intent has not been clearly expressed in the will, an election must be made. The election to take under or against the will arises whether or not the legacy exceeds the statutory share.

Second, the Government draws from "long-established cases" the following proposition: Unless the contrary appears from the will, the presumption is that a legacy is intended as a bounty, and not as a purchase or satisfaction of the dower interest of the wife. See, *In re Gotzian*, 34 Minn. 159, 164, 24 N.W. 920, 922 (1885); *McGowan v. Baldwin*, 46 Minn. 477, 49 N.W. 251 (1891); *Baldwin v. Zien*, 117 Minn. 178, 134 N.W. 498 (1912). It is apparent that this proposition follows as a corollary from another presumption extant at common law: a widow is entitled both to a legacy and to statutory dower, unless it plainly appears from the will that the legacy was offered in lieu of dower. E.g., *In re Gotzian*, 34 Minn. 159, 163–64, 24 N.W. 920, 922 (1885). As was mentioned above, this presumption no longer operates. In 1893 the Minnesota legislature enacted the predecessor of Minn.St. 525.212, reversing the common-law presumption. See, *In re Estate of Evans*, 145 Minn. 252, 259–60, 177 N.W. 126, 129 (1920).[3] With the reversal of the presumption, its corollary must be amended accordingly: Unless the contrary appears from the will, the presumption is that a legacy is

intended as a purchase or satisfaction of the dower interest of the wife, and not as a bounty. 20 Dunnell Minn.Dig. *Wills* § 9.06, at 273 (3d rev. ed. 1977).[4]

Third, the Government misconceives the purpose underlying the purchaser theory. The deference given a legacy to a widow no doubt arises more from a concern to safeguard her dower rights than from the fiction that she purchases her testate share. Annot., 2 A.L.R.2d 607, 610 (1948). But, if the theory was as the Government suggests that by electing to take under the will a widow should not thereby be deprived of an amount equal to that which she would take under the statute, state law would operate quite differently.[5] In *In re Hartman's Estate*, 233 Iowa 405, 9 N.W.2d 359, 362 (1943), the Iowa Supreme Court set forth the rationale for the purchaser fiction:

The theory is that a wife cannot without her consent be deprived by her husband's will of her dower or distributive share. Where she accepts the provisions of the will in lieu of dower, the estate receives a valuable consideration by a relinquishment of that right, which in effect makes her a purchaser for value of her legacy. Since the right of dower is superior to all legacies, the bequest in lieu of dower is also to be preferred over all other legacies. This is true even though the so-called gratuitous legacies are specific and the legacy to the widow is general.

---

3. In truth, the common law had before been superseded by statute. In 1875, however, the statute was repealed, permitting Minnesota courts to revive the common law. See, *In re Gotzian*, 34 Minn. 159, 163–64, 24 N.W. 920, 921–22 (1885).

4. The Government cites *In re Estate of Nonnemacher*, 215 Minn. 604, 607, 11 N.W.2d 147, 149 (1943), as evidence that the corollary has outlived its premise. (Def. Br. at 14). The court in *Estate of Nonnemacher* does reiterate the corollary and cites *Gotzian*, *McGowan*, and *Zien*. *Estate of Nonnemacher* involved, however, a mother's legacy to her daughters and the issue whether the legacies were bounties or supported by consideration. In such a case,

the reiteration and citations may be considered aberrational, rather than precedential.

*Baldwin v. Zien*, 117 Minn. 178, 134 N.W. 498 (1912), recognizes the relation of premise and corollary in its statement of the rule: "The presumption, however, unless the contrary appears from the will, is that a legacy is intended as a bounty, and not as a purchase or in lieu of statutory provisions in the nature of dower." *Id.* at 185–86, 134 N.W. at 500. In light of the statutory law then existing, however, this statement is aberrational as well.

5. In order that a widow electing under the will not be deprived of the value of her statutory share, the value of that share should be guaranteed as a minimal legacy. No such guarantee exists under Minnesota law.

The widow by the payment of consideration, i. e., the relinquishment of her dower, is treated not as a mere beneficiary but as a quasi creditor. A testamentary provision for the wife in lieu of dower amounts to an offer by the husband of a price for the extinguishment of dower. By accepting the provision the widow agrees to the terms, relinquishes her dower and is entitled to the price in preference to those having no legal claim against the estate, whom the testator might have excluded from his bounty. It is, in effect, a matter of contract between husband and wife. The doctrine is applied even though the value of the bequest exceeds the value of her dower, since it is the husband's right to fix whatever consideration he pleases for the surrender of the wife's dower. The rule does not prevail, however, where the will clearly discloses that the testator intended that the provision for his wife should not be preferred over other legacies.

 In the instant case, no intent was expressed in the will that the legacy to Mrs. Dare supplement her statutory share. Thus, she was put to an election. By failing to have filed a renunciation, she is deemed to have elected to take under the will. Minn.St. 525.212. Under Minnesota law, Mrs. Dare takes her testate share as a purchaser, the consideration being waiver of her statutory share. The holding of *Estate of Paulson* would permit her legacy to be preferred over other general legacies. The question here, and what remains of the Government's argument, is whether the holding of *Estate of Paulson* would be expanded by the Minnesota Supreme Court [6] to prefer the general legacy to Mrs. Dare to the specific legacy to Charles F. Dare.

If confronted with the issue, this Court predicts, the Minnesota Supreme Court would so expand its decision in *Estate of Paulson.* Such a holding accords with the weight of authority in other jurisdictions,

Annot., 2 A.L.R.2d 607, § 6 (1948); and conforms to the rationale of the purchaser theory, see, *In re Hartman's Estate,* 233 Iowa 405, 9 N.W.2d 359, 362 (1943) (quoted supra). Moreover, such a holding furthers a policy firmly embedded in Minnesota law to protect the rights of the surviving spouse in the estate. See, e. g., Minn.St. 525.16. In sum, this Court forecasts without hesitation that the Minnesota Supreme Court would join those "courts [which] have long shown strong inclination to prefer the provision for a widow to all others." *In re Estate of Paulson,* 208 Minn. 231, 236, 293 N.W. 607, 610 (1940).

The issue thus arises whether the order of abatement prescribed by Minnesota law conflicts with federal estate tax laws. The traditional province for state law in this area was succinctly outlined in *Morgan v. Comm'r,* 309 U.S. 78, 80, 60 S.Ct. 424, 426, 84 L.Ed. 585 (1940): "State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed." Ordinarily, then, order of abatement is not of federal concern. "For in some estates there may be no residue or else one too small to satisfy the tax; resort must then be had to state law to determine whether personalty or realty, or general, demonstrative or special legacies abate first." *Riggs v. del Drago,* 317 U.S. 95, 101, 63 S.Ct. 109, 112, 87 L.Ed. 106 (1942). But when state law of abatement affects not the allocation of the burden of the federal estate tax, but the amount of tax, federal interests might be thought endangered.

*Folkerds v. United States,* 494 F.2d 749 (8th Cir. 1974), lays this notion to rest. There, a widow was to receive a residuary legacy created by her husband's will. The district court held that the will itself reflected an intent of the testator that the residuary legacy abate first. Debts, expenses, and taxes forced abatement and

---

6. The decision of the Sherburne County Probate Court to expand Minnesota law, as evidenced by its decree of distribution, is not binding on this Court, but is to be given proper regard in the ascertainment of state law.

*Comm'r v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). Because the probate proceeding was by all accounts nonadversarial, this Court gives little precedential effect to the distribution decree.

precluded any marital deduction. The Court of Appeals for the Eighth Circuit reversed, holding that under the Iowa Probate Code the residuary legacy to the widow should abate last. The fact that this order of abatement created a "sizeable" marital deduction, *id.* at 750, did not trouble the court. Consequently, preferring Article III of the Dare will in abatement is not per se invalid under the federal tax laws even though Article III purports to maximize the marital deduction. See also, *Estate of Rudolph G. Leeds*, 54 T.C. 781 (1970).

The Government, however, advances a more specific objection to the marital deduction enhanced by application of Minnesota law. Section 2056 of the Internal Revenue Code permits the deduction of "an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse." 26 U.S.C. § 2056(a). Thus, the marital deduction can encompass only such interests as "pass" to the surviving spouse. Subsection (d) of section 2056 defines interests which "pass" to include an interest bequeathed or devised and the interest granted by statute in lieu of dower. *Id.* § 2056(d)(1), (3). But legacy and statutory share both do not "pass" to the surviving spouse:

> If the surviving spouse elects to take against the will or other instrument, then the property interests offered thereunder are not considered as having "passed from the decedent to his surviving spouse" and the dower or other property interest retained by her is considered as having so passed (if it otherwise so qualifies under this section). If the surviving spouse elects to take under the will or other instrument, then the dower or other property interest relinquished by her is not considered as having "passed from the decedent to his surviving spouse" (irrespective of whether it otherwise comes within the definition stated in paragraph (a) of this section) and the interest taken under the will or other instrument is considered as having so passed (if it otherwise so qualifies). . . .

Treas.Reg. § 20.2056(e)–2(c). See, R. Stephens, G. Markfield, & S. Lind, *Federal Estate and Gift Taxation*, ¶ 5.06[3][b], at 5–73 (4th ed. 1978). Thus, when a spouse takes under the will, her statutory share does not pass to her under section 2056. The Government finds this a fatal flaw.

■ It is not that plaintiff claims a marital deduction for both testate and statutory interests. The problem, the Government argues, is that because the statutory share did not pass to Mrs. Dare, she could not use it to purchase her interest under the will. (Def. Br. at 17) Even assuming the Government is correct in treating the purchase fiction as fact, rather than as a device to implement the social policy of safeguarding a widow's interest in an estate, the Court finds the Government's view somewhat jaundiced. By waiving the statutory share, a surviving spouse offers sufficient consideration to support her "purchase" of the interests she takes under the will, whether or not the legacy exceeds her statutory share. See, Annot., 2 A.L.R.2d 607, § 8 (1948). If she must first receive her statutory share, then she would in fact have to barter with the estate for her legacy, for her receipt of the statutory interest would constitute a renunciation of her rights under the will. See, Minn.St. 525.212. In substance, the Government's argument is directed more at the validity of Mrs. Dare's purchase under state law than under the Internal Revenue Code.

■ A more pertinent inquiry is whether Congress disapproved of the purchase theory as a permissible means to increase the marital deduction. Included in the report of the Senate Finance Committee on section 2056 in the year of its enactment is the following:

> If the surviving spouse takes under the decedent's will, the interest passing to her is determined from the will. . . . [I]f the surviving spouse elects to take her share of the decedent's estate under the local law instead of taking an interest under the will, the interest she takes under the local law is by the definition in section 812(e)(3) [now 26 U.S.C. § 2056(d)(3)] considered as passing from

the decedent to the surviving spouse. *The failure of a widow to elect to take under the local law is not considered to any extent as a purchase by her of the interest she takes under the will.*

S.Rep.No. 1013 (pt. 2), 80th Cong., 2d Sess., 1948–1 Cum.Bull. 331, 334 (emphasis added).

This passage read in light of section 2056(d) and Treas.Reg. § 20.2056(e)–2(c) has a definite meaning. It is evident that the committee was concerned with a claim for a marital deduction based on interests the surviving spouse did not actually receive. The situation that springs to mind is one where nondeductible interests are taken under the will but a deduction claimed on the basis that the interests were purchased with deductible interests comprising the spouse's statutory share. In this circumstance, courts have, in reliance on Treas.Reg. § 20.2056(e)–2(c) and the passage quoted from the committee report, denied the deduction. *Estate of Wallace S. Howell*, 28 T.C. 1193, 1196 (1957); *Estate of Hyman Kleinman*, 25 T.C. 1245, 1255 (1956), *aff'd*, 245 F.2d 235 (6th Cir. 1957) (per curiam). See, 4 J. Mertens, *The Law of Federal Gift and Estate Taxation*, § 29.14, at 488 & n. 50

(1959). No case has been cited to the Court nor has research disclosed a case in which the regulation or committee report has been applied to defeat a claim for deduction based on interests which passed to the widow under state law. Such a case would be anomalous for it would conflict with the apparent intent of Congress embodied in subsection (d) of section 2056 to permit the estate to claim as part of the marital deduction those interests therein enumerated which the surviving spouse in fact received under state law. In this sense, state law does not conflict with federal law but is adopted by it.[7]

Since the Court finds harmony in the application of Minnesota probate law and federal estate tax law, the preference Minnesota law accords a legacy to a surviving spouse may stand. Plaintiff, as executor of the estate, is entitled to a refund of $10,864.31, plus interest as provided by 28 U.S.C. § 2411.

For the reasons advanced above, IT IS ORDERED that judgment be entered for plaintiff against defendant in the amount of $10,864.31, plus statutory interest.

---

**7.** In further support of its position, the Government at oral argument quoted section 2043(b) of the Code. That subsection provides:

> For purposes of this chapter [i. e., the estate tax laws], a relinquishment or promised relinquishment of dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth."

26 U.S.C. § 2043(b). As might be expected from its language, this subsection is directed at a specific situation. Subsection (a) of section 2043 provides:

> If any one of the transfers, trusts, interests, rights, or powers enumerated and described in sections 2035 to 2038, inclusive, and section 2041 is made, created, exercised, or relinquished for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration received therefor by the decedent.

26 U.S.C. § 2043(a). The sections enumerated in this subsection each govern whether certain interests transferred by the decedent are to be included in the estate for tax purposes. See, 26 U.S.C. §§ 2035 (gifts transferred within three years of death), 2036 (transfer with retention of life estate), 2037 (transfer to take effect at death), 2038 (revocable transfers), 2041 (powers of appointment). In each section, the interest is not includible if transferred in a bona fide sale for an adequate and full consideration in money or money's worth. By section 2043(b), therefore, Congress intended to close a loophole that had arisen where, for example, a wife claimed that a transfer of property to her by her husband two years before his death should not be included in the estate since she had relinquished her dower interest as fair consideration for the transfer. See, *Stubblefield v. United States*, 6 F.Supp. 440 (Ct.Cl. 1934). Accord, *Ferguson v. Dickson*, 300 F. 961 (3d Cir.), *cert. denied*, 266 U.S. 628, 45 S.Ct. 126, 69 L.Ed. 476 (1924); *McCaughn v. Carver*, 19 F.2d 126 (3d Cir. 1927). The instant situation is not among those to which Congress in section 2043(b) has spoken.

LET JUDGMENT BE ENTERED AC-CORDINGLY.